Regina Casandra LATTIER,
Petitioner/Respondent,

v.

Johnny Lee LATTIER,
Respondent/Appellant.

No. 62830.

Missouri Court of Appeals,
Eastern District,
Division One.

July 20, 1993.

Rene E. Lusser, Lusser, Hughes & Lusser, St. Louis, for appellant.

Thomas A. Zotos, Clayton, for respondent.

REINHARD, Judge.

Husband appeals from the trial court's order pendente lite (PDL). He contends that the trial court erred in failing to make requested findings of fact and conclusions of law. We reverse and remand.

Husband and wife were married on May 29, 1976, and separated in October, 1991. One child was born of the marriage; he was fifteen years old at the time of the PDL hearing. Wife filed her petition for dissolution of marriage on December 13, 1991.

Wife's PDL motion, also filed on December 13, alleged that she was without sufficient means to support herself and the minor child during the pendency of the dissolution. Attached to the motion was wife's affidavit wherein she asserted that $200 per week maintenance and $100 per week child support would be reasonable amounts for the court to award. At the hearing, wife was allowed to amend these figures, stating that she would need approximately $2,000 per month from husband to support herself and the minor child.

The PDL hearing was conducted on March 30–31, 1992. At the conclusion of the hearing, husband's attorney informed the court that he was "going to ask for findings of fact in the matter." The judge replied that this was "all right" and also allowed each party two weeks to prepare proposed findings of fact and conclusions of law.

Husband then submitted the following request for findings of fact and conclusions of law:

[Husband] requests findings of fact and conclusions of law as to [wife]'s actual

monthly needs and the per item break-down thereof, and also the amount of monthly income determined by the court to be [husband]'s monthly income, available to [husband] at this time, and if any income is imputed by the court to [husband], the precise basis of each imputation and the amount thereof.

The request for findings was dated March 31, 1992, and signed by husband's attorney. There is no indication on either this document or the docket sheet that the request was filed with the court; however, the clerk of the St. Louis County circuit court certified that all documents contained in the legal file had been filed in the trial court.

Wife submitted proposed findings of fact and conclusions of law. Husband filed a "memorandum" wherein he argued the issues relevant to the PDL action. At the end of this "memorandum" husband stated, "In summary, it is respectfully suggested that this court's findings include the following"; six specific findings were then requested.

The court's PDL order, entered on June 30, 1992, awarded wife $1,100 per month for maintenance and $548 per month for child support. It also ordered husband to pay half of the mortgage on the marital home ($304.50 per month) and to "maintain health and hospitalization insurance on the [wife] and the minor child". Additionally, the court determined that *"[wife]'s* request for findings of fact and conclusions of law did not meet requirements of Supreme Court Rule 73.01, in that said request did not specify which controverted fact issues were included." (emphasis ours). The court made no mention of husband's request for findings of fact. Husband filed a motion for new trial wherein he again requested specific findings on controverted fact issues.

■ Rule 73.01 prescribes the procedure to be followed in cases tried without a jury. It provides, in relevant part:

If any party so requests before final submission of the case, the court shall dictate to the court reporter, or prepare and file, a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if requested by counsel, shall, include its findings on such controverted fact issues as have been specified by counsel. Rule 73.-01(a)(2).

The provisions of Rule 73.01(a)(2) are mandatory where a party prepares and files a request for findings on specified controverted fact issues. *Eagleton v. Eagleton,* 767 S.W.2d 582, 584 (Mo.App.1988).

■ "Failure of a court to prepare specified findings of fact as requested by counsel is error, and mandates reversal when such failure materially affects the merit of the action or interferes with appellate review." *Id.* at 586 (citing *Jo B. Gardner, Inc. v. Beanland,* 611 S.W.2d 317, 321–22 (Mo.App.1980)). The failure of a trial court to issue findings which were properly requested does not always require a reversal. *See Hahn v. Hahn,* 569 S.W.2d 775, 778 (Mo.App.1978). Generally, if the record is sufficient to support the trial court's judgment, we will affirm.

■ Here, husband's counsel orally requested findings at the PDL hearing, although not at this point on specific issues, and subsequently timely filed a written request for findings on specific controverted factual issues. The findings requested by husband involved wife's monthly needs and husband's monthly income, the primary factual issues in the case. Additionally, the court had asked both parties to submit proposed findings of fact and conclusions of law. Under these circumstances, we reverse and remand with directions that the trial court make findings on the controverted factual issues specified by husband in his request for findings.

CRANDALL, P.J., and CRIST, J., concur.