**LEGACY HOMES PARTNERSHIP,
et. al., Respondents,**

v.

**GENERAL ELECTRIC CAPITAL
CORPORATION, et. al.,
Appellants.**

**No. ED 74553.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 7, 1999.

Rehearing Denied Nov. 10, 1999.

Michael P. Stephens, Roger W. Pecha, St. Louis, for appellants.

Donald R. Carmody, John E. Hilton, Carmody, MacDonald, Hilton, Wolf & Keast, P.C., St. Louis, for respondents.

RICHARD B. TEITELMAN, Presiding Judge.

Appellants the Gerald Kerr Homes Corporation, GK–BD Corporation, GK Development Company and Gerald W. Kerr (collectively, "Appellants" or the "Kerr Parties") appeal the judgment of the Circuit Court of St. Louis County, the Honorable Bernhardt C. Drumm, Jr., whereby the trial court deemed Respondents Charles F. Vatterott & Co. (the "Vatterott Company"), CFV–BD Corporation, CFB Development Company and Gregory B. Vatterott (collectively, the "Vatterott Par-

ties") the prevailing parties on various legal and equitable issues.

We reverse and remand.

*Factual and Procedural Background* [1]

The Kerr Parties and Vatterott Parties formed a main partnership and several smaller partnerships for the general purpose of single-family residential home development, construction and sales. The relationship between the parties ultimately deteriorated. When the arrangement was terminated, various claims and counterclaims were filed by one or more of the parties raising a myriad of legal and equitable issues, including allegations of contractual breaches and business torts. Both sides filed claims for an accounting.

The suits were consolidated and heard in the Circuit Court of St. Louis County from April 13–16, 1998. The trial court denied the Kerr Parties' request for the appointment of a Special Master, and ultimately entered a judgment in favor of the Vatterott Parties. Though the Kerr Parties had properly and timely filed their request that the court issue detailed findings of fact and conclusions of law, the court believed that the motion had been withdrawn and failed to enter any findings and conclusions. The Kerr Parties appeal.

*Discussion*

On appeal, the Kerr Parties argue that the trial court erred (1) in failing to refer the accounting claims asserted by both parties to a Special Master as requested in the Kerr Parties' Motion for Appointment of Special Master; (2) in failing to issue detailed findings of fact and conclusions of law as timely requested by the Kerr Parties; (3) with respect to the Kerr Parties' action for equitable accounting, in that (a) the trial court failed to render judgment for the balance found due as required by Missouri law; and (b) the judgment was not supported by the weight of the evi-

dence; and (4) in granting the Vatterott Company's Motion to Disburse Interpled Funds deposited into the registry of the court by McBride and Son Homes, Inc. We find Appellants' second point to be dispositive.

Missouri Rule 73.01 prescribes the procedure to be followed in court-tried cases. Subsection (a) provides, in pertinent part:

> (3) … If a party so requests, the court shall dictate to the court reporter or prepare and file a brief opinion containing a statement of the grounds for its decision and the method of deciding any damages awarded. The court may, or if requested by a party shall, include in the opinion findings on the controverted fact issues specified by the party. Any request for an opinion or findings of fact shall be made on the record before the introduction of evidence at trial or at such later time as the court may allow.

Missouri courts have held that the provisions of Rule 73.01(a)(3) are mandatory where a party prepares and files a request for findings on specified controverted fact issues. *Lattier v. Lattier,* 857 S.W.2d 548, 549 (Mo.App. E.D.1993). "Failure of a court to prepare specified findings of fact as requested by counsel is error, and mandates reversal when such failure materially affects the merit of the action or interferes with appellate review." *Id.,* citing *Eagleton v. Eagleton,* 767 S.W.2d 582, 586 (Mo. App.1988).

In the case at bar, the trial court acknowledged and the record reflects that Appellants made a proper and timely request for findings of fact and conclusions of law on the controverted issues. Appellants also filed proposed findings of fact and conclusions of law. After the judgment failed to include findings, Appellants filed a Motion to Amend Judgment requesting that the trial court include the findings and conclusions previously re-

---

1. We confine ourselves to reciting a concise summary of the facts in this opinion, in part so that future appellate proceedings will not

be precluded by the doctrine of the law of the case from conducting a more thorough review of Judge Drumm's decision.

quested by Appellants. The motion was denied. Though the transcript indicates that the trial court was under the impression that the request had been withdrawn, nothing in the record supports this. The record indicates, conversely, that even after the trial court expressed its belief that the Kerr Parties had withdrawn their request for findings and conclusions, counsel for the Kerr Parties informed the court otherwise. Therefore, the trial court erred in not preparing findings.

The failure of a trial court to issue appropriately requested findings does not always require a reversal. *In re Marriage of Flud*, 926 S.W.2d 201, 204 (Mo.App. S.D.1996). If the record is sufficient to support the judgment and affords appellate review, we will affirm. *Id.*

We find that the record in the case at bar is not sufficient to support the judgment and that the failure to issue findings makes meaningful appellate review impossible. This case involves numerous parties, complex financial and accounting issues, claims, counterclaims, an interpleader, and conflicting evidence presented by the various parties and their experts. The judgment does not rule on or provide a factual basis for its decision on many of these issues, even though both Appellants and Respondents filed post-trial memoranda setting forth proposed findings and conclusions to aid the trial court.

We reverse and remand the trial court's judgment with directions that the trial court enter findings and conclusions on the controverted factual and legal issues specified by the Kerr Parties in their timely request. We also reverse the trial court's order granting the Vatterott Parties' Motion to Disburse Interpled Funds, as the order was based on the judgment entered in the underlying case.

CLIFFORD H. AHRENS, J. and LAWRENCE E. MOONEY, J., concur.