**Judy PRUITT, Respondent,**

v.

**Dale Edward PRUITT, Appellant.**

**No. ED 80594.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 21, 2003.

---

1. Wife's motion to dismiss husband's appeal is denied.

Diane M. Monahan, Margulis, Grant & Margulis, P.C., St. Louis, MO, for appellant.

Todd N. Hendrickson, Clayton, MO, for respondent.

PAUL J. SIMON, Presiding Judge.

Dale Edward Pruitt (husband) appeals from the judgment entered by the Circuit Court of St. Louis County dissolving his marriage to Judy Pruitt (wife).

On appeal, husband contends the trial court erred in: (1) its distribution of assets in that the court did not make specific findings, preliminary to its distribution, as to whether the property set forth in the judgment was separate or marital; (2) awarding a percentage of husband's separate portion of his pension to wife as it is a misapplication of the law; (3) its distribution of property in that the court included property belonging to neither party and nonexistent property or, alternatively, income mislabeled as property, and the distribution was therefore not supported by the evidence; (4) its assignment of values to property in that the court did not properly use values at or near the date of trial or division and is therefore against the weight of the evidence; (5) its distribution of property in that the court's judgment specified its intent to divide the marital assets equally, but effectively failed to do so, or, alternatively, the trial court erred in its disproportional award of property to wife, making said division against the weight of the evidence; (6) its award of maintenance as the amount of the award is not supported by the evidence or, alternatively, it is against the weight of the evidence; (7) awarding $5000 in attorney's fees to wife to be paid by husband, in that such an award was against the weight of the evidence; and (8) its award of $5000 in attorney's fees on appeal to be paid by husband, in that such an award was plain error or an abuse of discretion as the court did not properly consider the financial resources of both parties. We affirm in part and reverse and remand in part.

 The trial court's judgment will be sustained unless there is no substantial evidence to support its decision, its judgment is against the weight of the evidence, or it erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). All evidence and permissible inferences therefrom are considered in the light most favorable to the trial court's decision, and all contrary evidence and inferences are disregarded. *Chen v. Li*, 986 S.W.2d 927, 931 (Mo.App. E.D. 1999).

In the light most favorable to the trial court's judgment, the record reveals that husband and wife were married on September 20, 1975. At the time of marriage, husband had been employed with Chrysler as a lineworker since March 26, 1973. Husband and wife separated permanently in November 1996.

Wife filed her petition for dissolution of marriage on April 10, 2000. Husband and

wife had two children of the marriage, but both were emancipated prior to the filing of the petition.

In 1997, wife was awarded Supplemental Security Income (SSI) benefits due to the primary diagnosis of post-traumatic stress syndrome and depression. At the time of trial, she was unemployed and receiving $530 per month in SSI benefits.

At trial, wife testified that she had been hospitalized for depression around twenty times since 1985 and that she was unable to be employed on a daily basis. She testified that she was ailed by the physical illnesses of asthma, heart problems, back injuries, and fibromyalgia and rheumatoid arthritis. The trial court received the testimony of Dr. Ahmad V. Ardekani by way of his deposition in which he testified that wife was unable to be employed due to her medical conditions.

Wife testified that she would not continue to receive her SSI benefits upon the entry of an order of maintenance by the trial court.

At the time of trial, husband was employed as a carpenter at Chrysler, and his hourly wage was around $25.70, equating to approximately $53,000 annual income. However, husband worked as much as eighty-two hours per week during the years of separation from wife, including holidays and Christmas. In the years preceding trial, husband earned over $100,000 annually.

Husband and wife filed statements of income and expenses and statements of property before trial. Husband filed an amended statement of income and expenses and an amended statement of property on August 15, 2001, the date of trial. At trial, the court took judicial notice of its entire court file, including the financial statements offered by both parties.

On November 30, 2001, the trial court entered its judgment dissolving the marriage of husband and wife. In its judgment, the trial court divided property and ordered husband to pay wife maintenance in the amount of $2000 per month and attorney's fees in the amount of $5000.

Husband filed a notice of appeal on January 4, 2002. Subsequently, wife filed a motion for attorney's fees on appeal, which was granted on April 2, 2002. Husband was ordered to pay wife's attorney's fees on appeal in the amount of $5000. On May 13, 2002, husband filed a notice of appeal on the grant of attorney's fees on appeal, but he later dismissed said appeal.

On August 1, 2002, wife filed a motion for contempt, and on August 20, she filed a second motion for attorney's fees on appeal. On August 22, 2002, husband filed a motion to find the April 2, 2002, award of attorney's fees on appeal invalid. Both husband's motion to find the April 2, 2002 award of attorney's fees on appeal invalid and wife's August 22, 2002 motion for attorney's fees on appeal were granted. Husband was ordered to pay wife $5000 in attorney's fees on appeal.

Husband filed a notice of appeal of the award of attorney's fees on appeal. Upon the joint motion of husband and wife to consolidate the appeals for oral argument, the appeals were consolidated.

In his first point on appeal, husband contends the trial court erred in its distribution of assets in that the court did not make specific findings, preliminary to its distribution, as to whether the property set forth in the judgment was separate or marital.

Section 452.330 RSMo 2001 (all further references herein shall be to RSMo 2001 unless otherwise indicated) governs the disposition of property in dissolution actions. Pursuant to Section

452.330, the trial court must set apart to each spouse his or her separate property and divide the remaining marital property and marital debts "in such proportions as the court deems just after considering all relevant factors." *Oetterer v. Oetterer,* 60 S.W.3d 48, 52 (Mo.App. E.D.2001). Specific findings on whether assets are marital or separate property are a necessary antecedent of a subsequent just division of marital property. *Id.* It is not enough to apportion all of the property between the parties without first designating it as either separate or marital property, and failure to specifically identify property as marital or separate makes it impossible to determine whether the trial court made a just division of marital property in accordance with Section 452.330. *Id.*

Here, the trial court's judgment fails to properly designate the property divided therein as marital or separate property. Therefore, the judgment must be reversed and remanded for specific designation of the status of the properties and distribution in accordance therewith.

 In his second point on appeal, husband contends the trial court erred in awarding a percentage of husband's separate portion of his pension to wife, as it is a misapplication of the law.

The trial court has wide discretion in dividing marital property. *Gambrel v. Gambrel,* 943 S.W.2d 314, 315 (Mo.App. E.D.1997). However, retirement benefits accumulated prior to marriage are not marital property and are not divisible. *Id.*

Husband testified that he began his employment with Chrysler on March 26, 1973. Husband and wife married on September 20, 1975. At the time of trial, Chrysler had employed husband for over twenty-eight years. Based on the evidence before the trial court, only that portion of husband's pension benefits which accumulated after the date of marriage until the time of dissolution were marital property. Therefore, we reverse and remand to the trial court to divide the marital portion of husband's pension benefits and award husband the portion of his pension that is his separate property.

 In his third point on appeal, husband contends the trial court erred in its distribution of property in that the court included property belonging to neither party and nonexistent property or, alternatively, income mislabeled as property, and the distribution was therefore not supported by the evidence. Husband addresses the trial court's valuation of the award of two pieces of marital property to husband: (1) a 1997 Harley Davidson motorcycle valued at $13,000; and (2) an annual cash bonus valued at $13,000 which was received by husband from Chrysler in February 2000.

As part of his argument, husband contends the only evidence offered and received in evidence by the trial court was his amended statement of property and his amended statement of income and expenses. However, the trial court took judicial notice of its entire court file, including the financial statements filed by wife before trial. *Bray v. Bray,* 629 S.W.2d 658, 660 (Mo.App. E.D.1982). Therefore, wife's financial statements as well as husband's amended financial statements were in evidence.

Neither party mentioned the Harley Davidson motorcycle or the bonus in their financial statements. At trial, however, husband testified that he purchased the motorcycle three years earlier for $13,000. Although the motorcycle was originally titled in his name, husband testified that it is currently titled in his son's name. Wife testified that husband, indeed, purchased the motorcycle and that he had testified in a deposition that he paid $13,000 for its

purchase. Wife included the motorcycle as a marital asset valued at $13,000 in her proposed distribution of marital and separate property, which was received into evidence as an exhibit at trial.

Regarding his bonus, husband testified that he received this profit-sharing bonus and that it was valued around $11,000 to $12,000. Husband did not recall at trial that he had testified in an earlier deposition that the bonus was valued at $13,000. Husband admitted he did not give half of this bonus to wife. Wife testified that husband received bonuses from Chrysler throughout their marriage and that she wasn't sure of the amount of husband's bonus but thought it was around $11,000. She testified that she had not received any part of the bonus from husband and he had not given her half of any of the bonuses he received since their separation. Wife included the bonus valued at $13,000 as a marital asset in her proposed distribution of property.

The trial court has broad discretion in identifying marital property. *McGowan v. McGowan*, 43 S.W.3d 857, 866 (Mo.App. E.D.2001). There is no dispute that husband purchased the motorcycle during the marriage, paid for it with marital funds, and titled it in his name. All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership. *Jezewak v. Jezewak*, 3 S.W.3d 860, 864 (Mo.App. E.D.1999). Other than husband's testimony, there is no evidence that husband, in fact, transferred the title of the motorcycle to his son. Likewise, there is no dispute that husband earned the bonus during the marriage and did not give a portion of that bonus to wife. Consequently, the evidence supports the con-

clusion that both the motorcycle and the bonus were marital property. We find the trial court did not abuse its discretion.

■ In his fourth point on appeal, husband contends the trial court erred in its assignment of values to property in that the court did not properly use values at or near the date of trial or division and is therefore against the weight of the evidence.

In its judgment, the trial court assigned these values to the following properties: (1) $18,000 to the 1997 Dodge Ram truck awarded to husband; (2) $47,000 to the condominium awarded to wife; and (3) $19,559.14 to the 401(k) plan awarded to wife.

The record reveals the parties presented evidence of a range of values of the truck, condominium, and 401(k) plan, and the trial court assigned values to the properties based on conflicting evidence. Where conflicting evidence exists, deference is given to the trial court, which can assess the credibility of witnesses. *McGowan* at 865–866. When, as here, the trial court's valuation of property is within the range of the evidence presented, we will not find that valuation erroneous. *Id.* at 865. Therefore, we find no error in the trial court's valuation of the truck, condominium, and 401(k) plan.

■ In his fifth point on appeal, husband contends the trial court erred in its distribution of property in that the court's judgment specified its intent to divide the marital assets equally, but effectively failed to do so, or, alternatively, the trial court erred in its disproportional award of property to wife, making said division against the weight of the evidence.

In its distribution of property, the trial court awarded wife a total award of property valued approximately at $85.059.14 and husband a total award of property

valued approximately at $92,650.75. The trial court ordered husband to make one cash payment to wife in the amount of $7500 "as and for equalization of assets." Where it is clear that the trial court intended that the marital assets be divided equally, but then fails to do so, we may modify the judgment to conform to the trial court's intent. *Jezewak*, 3 S.W.3d at 864. However, we find the trial court essentially divided the assets equally in conformity with its intent. Therefore, the trial court did not err.

In his sixth point on appeal, husband contends the trial court erred in its award of maintenance as the amount of the award is not supported by the evidence or, alternatively, it is against the weight of the evidence.

An award of maintenance is a matter resting within the broad discretion of the trial court, and we review such awards only for an abuse of that discretion. *Shelton v. Shelton*, 29 S.W.3d 400, 403 (Mo.App. E.D.2000). Judicial discretion is abused when the trial court's judgment is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicates a lack of careful consideration. *Id.* We will not interfere with the trial court's award of maintenance unless the amount of maintenance is patently unwarranted or is wholly beyond the means of the spouse ordered to pay. *Id.* at 404.

A court may grant maintenance if it finds the spouse seeking maintenance: (1) lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and (2) is unable to support himself or herself through appropriate employment. Section 452.335.1. A spouse must demonstrate need before a court can order maintenance. *Chen*, 986 S.W.2d at 934.

If entitled to maintenance, such maintenance shall be in such amounts and for such periods of time as the trial court deems just after considering all relevant factors, including the ability of the party seeking maintenance to meet his or her needs independently and the comparative earning capacity of each spouse. Section 452.335.2(1) and (3).

We find there is substantial evidence to support the award of maintenance to wife. The trial court did not err.

In his seventh point on appeal, husband contends the trial court erred in awarding $5000 in attorney's fees to wife to be paid by husband, in that such an award was against the weight of the evidence. Likewise, in his eighth point on appeal, husband contends the trial court erred in its award of $5000 in attorney's fees on appeal to be paid by husband, in that such an award was plain error or an abuse of discretion as the court did not properly consider the financial resources of both parties. We consider these two points together.

In a dissolution action, the trial court has broad discretion in awarding or denying attorney's fees, and the award will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Travis v. Travis*, 63 S.W.3d 296, 299 (Mo.App. E.D.2001). The award of attorney's fees should not be reversed, unless the amount awarded is arbitrarily arrived at or so unreasonable as to indicate indifference and lack of proper judicial consideration. *Id.* at 299–300. The trial court is considered an expert on the costs of attorney's fees and has wide latitude in determining them. *Id.* at 300.

Here, there was substantial evidence adduced at trial to support both awards of attorney's fees to wife. The trial court did not err.

Judgment affirmed in part and reversed and remanded in part.

GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ., concur.