Earme WALDON, Jr., Respondent,

v.

Gayle Judith WALDON, Appellant.

No. ED 81938.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 9, 2003.

Jane E. Tomich, St. Charles, MO, for appellant.

Cary J. Mogerman, James P. Carmody, Clayton, MO, for respondent.

BOOKER T. SHAW, Presiding Judge.

Gayle Judith Waldon ("Wife") appeals from the trial court's judgment dividing the parties' marital and separate property. We reverse and remand for further proceedings consistent with this opinion.

Wife raises four points on appeal. In her first two points, Wife argues the trial court abused its discretion by distributing the parties' assets without making specific findings, prior to its distribution, as to what property was separate and what property was marital, and failing to determine the value of Earme Waldon, Jr.'s ("Husband") separate property as required by Section 452.330, RSMo 2000.[1] In her third and fourth points on appeal, Wife argues the trial court erred in finding that Husband and Wife's pensions were equal in value and awarding each spouse his or her own pension because the division was not equitable and not supported by the evidence at trial. The judgment of the trial court is reversed and the case is remanded for the trial court to specifically designate the parties' property as marital or separate, to establish the value of that property on the record, and to divide the parties' marital property accordingly.

The parties were married on May 30, 1982. In October 2001, Husband filed a

Petition for Dissolution of Marriage and in November 2001, Wife filed an answer to Husband's petition and a cross-petition for dissolution of marriage. The dissolution action was tried in the Circuit Court of St. Louis County on July 3, 2002. At the time of trial, Husband was fifty-seven years old, Wife was fifty-two years old, and no children were born of the parties' marriage.

Husband and Wife each testified at the trial. The parties stipulated to each other's Statement of Income and Expenses and Statement of Property, which were received into evidence by the trial court. Neither party requested the trial court to render findings of fact or conclusions of law.

Husband and Wife are both former General Motors ("GM") employees and they were both employed in the Kansas City GM facility when it closed in 1999. When GM closed its Kansas City facility, Wife was offered a position with GM in Dallas, Texas. After discussing this option with Husband, Wife decided not to accept the position in Dallas. Wife had twenty-five years of service with GM. Although Wife was not eligible for an early retirement incentive program, she did qualify for GM's "Career Transition Program." Under this program, Wife was paid her full salary for fifteen months after the termination of her employment.

Husband was offered employment with GM in St. Louis and in another location. Husband accepted the position in St. Louis and the parties moved there. In March 2000, at the conclusion of the fifteen-month "Career Transition" period, Wife became employed with Monsanto Company in St. Louis.

In 2001, GM announced a plan to reduce the number of its employees. GM terminated Husband's employment and offered

1. All further references herein shall be to RSMo 2000.

him the option to participate in an early retirement program called the "Retirement Window Program." Husband accepted GM's offer to participate in this program and effective June 1, 2001, Husband's early retirement benefits commenced. Husband had 24.6 years of service with GM at the time of his retirement. Under the "Retirement Window Program," Husband receives an early retirement subsidy in the amount of $880.00 per month, in addition to his regular GM pension benefits, for a total amount of $2,354.57 per month until he reaches age sixty-two. After Husband reaches age sixty-two, his benefits will be reduced by $880.00 to approximately $1,475.00 per month.

At the time of trial, Wife was earning a gross income of approximately $1,500.00 every two weeks ($39,000.00 annually) and Husband was employed part-time with Advance Auto Parts, earning $7.00 per hour and working approximately twenty-nine hours per week. Husband's part-time salary, together with Husband's GM pension benefits totals approximately $39,000.00 annually. Husband testified that he was financially dependent upon his GM pension and that he would not be able to pay his monthly living expenses if a portion of his monthly GM pension benefits was awarded to Wife.

There was conflicting testimony presented at trial regarding the value of Wife's GM pension. Wife testified that she believed she may be eligible to begin receiving her GM pension payments in approximately three years when she reaches age fifty-five, and estimated that she will receive "approximately—maybe a thousand dollars a month." Husband testified that he estimated that Wife should be entitled to receive approximately the same monthly pension benefit as Husband receives, excluding the $880.00 early retirement incentive, approximately $1,500.00 per month.

The trial court entered its Judgment and Decree of Dissolution on September 6, 2002. Pursuant to a Qualified Domestic Relations Order, the trial court ordered that "the parties shall each receive 50% of the other parties' [401(k)] plan." In distributing the rest of the parties' assets, the trial court: (1) specifically set aside to Husband as his separate property a residence located at 2215 Hudson Road (for which Husband was ordered to pay Wife $13,500.00 for her interest therein), property located at 2814 Whittier, IBM stock, and a 1984 Buick Century; (2) awarded a 1993 Chevy Pickup, a 2001 Chevy Pickup and a bank account at Northern Trust (for which Husband was ordered to pay Wife $11,000.00) to Husband, and a 1997 Chevy Blazer to Wife, without identifying the property as separate or marital; and (3) awarded each party his or her own pension benefits, without identifying the benefits as separate or marital property.

■ The trial court's judgment will be sustained unless there is no substantial evidence to support its decision, its judgment is against the weight of the evidence, or it erroneously declared or applied the law. *Pruitt v. Pruitt*, 94 S.W.3d 429, 431 (Mo.App. E.D.2003). We consider all of the evidence and permissible inferences therefrom in the light most favorable to the trial court's decision, and disregard all contrary evidence and inferences. *Id.*

■ In Wife's first and second points on appeal, she contends the trial court erred and abused its discretion in distributing the parties' assets because the trial court did not make specific findings, prior to its distribution, as to whether the property set forth in the judgment was separate or marital, nor did the court determine the value of Husband's separate property as required by Section 452.330.

Section 452.330 governs the disposition of property in dissolution of marriage actions. Pursuant to Section 452.330.1, the trial court "shall set apart to each spouse such spouse's non[-]marital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors." It is a necessary requirement that the trial court make specific findings on whether assets are marital or separate property prior to a subsequent just division of marital property. *Pruitt*, 94 S.W.3d at 433. "It is not enough to apportion all of the property between the parties without first designating it as either separate or marital property, and failure to specifically identify property as marital or separate makes it impossible to determine whether the trial court made a just division of marital property...." *Id.*

Further, although the trial court is not required to assign values to marital property, there must be evidence on the record from which the value of the marital property can be determined. *In re Marriage of Below*, 8 S.W.3d 233, 236 (Mo.App. E.D.1999). Before a just division of the property can be achieved, and a meaningful review of that division can be undertaken on appeal, evidence permitting a fair and accurate valuation of the parties' assets is required. *Id.*

Here, the trial court did not properly designate the parties' property as marital or separate before distributing it. The trial court awarded the 1993 Chevy Pickup, the 2001 Chevy Pickup, the bank account at Northern Trust, and the 1997 Chevy Blazer without designating them as either marital or separate property. The trial court also awarded each party his or her own pension benefits without designating whether the benefits were separate or marital property. Additionally, the trial court could not have accurately determined a fair and just distribution of the property because evidence regarding the values of the parties' assets was not sufficiently established on the record. It is not possible for us to determine if the trial court's division of the parties' property is fair until the separate property is identified and the value of that property is established on the record. *See id.; In re Marriage of Kirkham*, 935 S.W.2d 392, 393 (Mo.App. S.D.1996). Points I and II are granted.

In Wife's third and fourth points on appeal, she argues the trial court erred in finding that Wife's pension was equal in value to Husband's pension and awarding each spouse his or her own pension because the trial court's division of the parties' pensions was not equitable and not supported by the evidence at trial.

A trial court is vested with considerable discretion in allocating marital property and we will only interfere if we find that the allocation is so unduly weighted in favor of one party as to constitute an abuse of discretion. *Stein v. Stein*, 789 S.W.2d 87, 95 (Mo.App. E.D.1990). "Pension plans are unique and are governed by their own set of rules and requirements regarding when they vest and mature and trial courts are to use discretion to accommodate the particular facts of each case." *Redlinger v. Redlinger*, 111 S.W.3d 413, 2003 WL 1487781, *2 (Mo.App. E.D.2003); *see Kuchta v. Kuchta*, 636 S.W.2d 663, 665 (Mo. banc 1982). Where other assets are available, a court is not required to divide pension benefits between spouses so long as the total property settlement is equitable. *Kuchta*, 636 S.W.2d at 666.

Here, the trial court found that Husband is "retired and financially dependent upon" the monthly payments he receives from his GM pension plan. The trial court determined that Wife's request

to divide each party's pension would be "unfair and inequitable," and awarded each party his or her own pension plan. The court was not required to equally divide the parties' pension benefits. *See Gendron v. Gendron*, 996 S.W.2d 668 (Mo.App. W.D.1999). However, because the trial court failed to designate the rest of the parties' property as either separate or marital, it is not possible for us to determine if the award to each party of his or her own pension was unduly weighted in favor of Husband or if the trial court abused its discretion in doing so. Points III and IV are granted.

The judgment of the trial court is reversed and the case is remanded for the trial court to specifically designate the parties' property as marital or separate, to establish the value of that property on the record, and to divide the parties' marital property accordingly.

Reversed and remanded with directions.

LAWRENCE G. CRAHAN and GEORGE W. DRAPER III, JJ., concur.