**Todd D. NEU, Appellant/Cross–Respondent,**

v.

**Deborah A. NEU, Respondent/Cross–Appellant.**

**No. ED 82595.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 23, 2004.

John E. Hilton, Joyce M. Capshaw (co-counsel), Clayton, MO, for respondent/cross-appellant.

John Turcotte, Jr., Kimberly J. Bettisworth (co-counsel), Clayton, MO, for appellant/cross-respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Todd Neu ("Husband") appeals the judgment dissolving his marriage to Deborah Neu ("Wife"). He challenges maintenance and the classification of an increase in value of his separate property as marital property. Wife cross-appeals, challenging the court's valuation of marital property.

We will affirm the trial court's judgment unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *Morgan v. Ackerman,* 964 S.W.2d 865, 868 (Mo.App. E.D.1998); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

With respect to classification and valuation of marital property, the trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. *Murphy,* 536 S.W.2d at 32. No error of law appears. A written opinion would have no precedential value. We affirm the judgment on those points in accordance with Rule 84.16(b).

Husband also argues that the trial court erred by awarding maintenance without making specific findings of Wife's reasonable needs and expenses by category and amount as he requested. Rule 73.01 mandates that the court shall, if properly requested by a party, include in the opinion findings concerning the controverted fact issues specified by the party. *Lattier v. Lattier,* 857 S.W.2d 548, 549 (Mo.App. E.D.1993). A trial court's failure to prepare specified findings of fact as requested by counsel is error and requires reversal if the absence of findings materially interferes with appellate review. *Id.*

In *Shannon v. Shannon,* the husband requested findings of fact regarding the wife's ability to support herself through appropriate employment and entitlement to maintenance and the reasons for such findings. 969 S.W.2d 347, 349 (Mo.App. E.D.1998). The court found that the wife was unable to support herself and was entitled to maintenance, but failed to make a finding concerning wife's overstatement of expenses and underemployment, which were controverted issues at trial. *Id.* This Court found that it was unable to determine whether the amount of maintenance was an abuse of discretion without the requested findings of fact. *Id.*

Here, Wife's statement of income and expenses reflected that her monthly expenses were $4,829, but Husband contended at trial that some of her stated expenses were incorrect. The court found that Wife's reasonable monthly needs were $4,000, but failed to make a finding as to Wife's reasonable needs and living expenses by category and amount as Husband had properly requested. Without the trial court's findings of fact as to these controverted issues, we are unable to adequately review the amount of maintenance.

Husband's point II is granted.

The judgment is affirmed in all respects, except that the award of maintenance is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.

KATHIANNE KNAUP CRANE, J. and MARY K. HOFF, J., concurring.