**Marilyn R. HILLIGARDT–BACICH, Petitioner/Appellant,**

v.

**Robert W. BACICH, Respondent/Respondent.**

No. ED 85185.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 18, 2005.

W. Scott Pollard, Florissant, MO, for appellant.

Michael Frederic Avioli, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Marilyn R. Hilligardt–Bacich (Wife) appeals from a trial court judgment entered in a dissolution of marriage action. Wife alleges trial court error in the trial court's findings of fact and division of property. We reverse and remand for further proceedings.

*Factual and Procedural Background*

Wife, born in 1952, and Robert W. Bacich (Husband), born in 1948, were married in July 1985 and were separated in October 2002. No children were born of the marriage. In May 2003, Wife filed a Petition for Dissolution of Marriage, to

which Husband filed an Answer and Cross Petition. Under Rule 73.01,[1] both parties requested the trial court to issue findings of fact, and the transcript indicates that the trial court was aware of the parties' requests. Wife's request included the following:

1. That the Court prepare a brief opinion containing a statement of the grounds for its decision and the method of deciding how the award of the division of property was made.
2. That the Court make findings of the following:
 a. How was the LAGERS pension plan determined to be separate and/or marital property.
 b. What is the present monthly payment made by LAGERS to [Husband].
 c. What asset, if any, was determined to be separate property and how was its value determined.
 d. What percentage of the marital property is to be awarded to each party.

Only Wife and Husband testified at trial. Although the legal file contains a trial court order granting an extension of time for Wife to file proposed findings of fact and conclusions of law over Husband's objection, the legal file and the docket sheets do not contain any such filing by Wife.

In June 2004, the trial court entered a judgment dissolving the parties' marriage. In its judgment, the court found the following. Wife is employed by Neiman Marcus, earns about $1,700 per month, and has a Neiman Marcus Employee Savings Plan in the amount of $1,078.68, to which she contributes via payroll deduction. Husband is employed by Ameristar Casi-nos, earns about $1,600 per month, and receives $1,600 per month in retirement benefits from a Local Government Employees Retirement System (LAGERS) pension.[2] Regarding the LAGERS pension, the court found: (1) it consists of both marital and non-marital portions; however, the record was void of evidence from which the court could determine the marital and non-marital portions with specificity and accuracy; (2) it is a vested, non-qualified plan, and it is not subject to a Qualified Domestic Relations Order; and (3) the parties knowingly and voluntarily made an election that determines present and future distributions, including that Wife is entitled to $700 per month upon Husband's death, and the parties are not entitled to change their election at any time subsequent thereto.

Husband began an affair in December 2001. However, for three years prior to the affair, the parties' marital relationship was distant and void of comfort and companionship, although the parties resided together. Husband spent $8,000 of marital property on the affair. The trial court found that Husband's affair did not contribute to the breakdown of the marriage to the extent that a greater portion of the marital property should be awarded to Wife other than the equitable portion awarded to Wife in the judgment.

During the marriage, Husband received a lawsuit settlement that was used to satisfy marital debt. Husband also inherited $50,000, which he maintained in a separate bank account. In August 2002, Husband gave Wife $46,000 for the following purposes: to purchase a home, in consideration of Wife's financial interest in the marital residence, her lack of retirement, and any interest she had in joint bank

---

1. All rule references are to Mo. R. Civ. P. 2005, unless otherwise indicated.

2. Husband had been receiving the monthly retirement benefits for about a year and a half prior to the dissolution trial.

accounts, and to compensate Wife for her share of the marital property dissipated on Husband's affair.

In its judgment, the trial court ordered the following division of property.[3] The court awarded Wife a 1996 Honda Accord, valued at $6,500, marital real property valued at $137,000 with available equity of $41,000, and the Neiman Marcus Employee Savings Plan. The court awarded Husband a 1998 Jeep Cherokee, valued at $8,500, marital real property valued at $136,000 with available equity of $33,000,[4] and the LAGERS pension. The court ordered the parties to adhere to the elections made within the LAGERS pension.

The court found Wife's distribution of marital property to be $152,578.68 and Husband's to be $150,075.00. The court also noted that Husband used his separate inheritance and settlement proceeds to equalize the property and to eliminate the marital debts.

Wife filed a Motion for New Trial or in the Alternative To Amend the Court's Judgment, which the trial court denied. Wife appeals from the judgment.

### Standard of Review

 The standard for reviewing a judgment of dissolution is the same for reviewing any court-tried action. *Bullard v. Bullard*, 929 S.W.2d 942, 944 (Mo.App. E.D.1996). The judgment must be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and the inferences therefrom in the light most favorable to the judgment and disregard all contrary evidence. *En-*

*debrock v. Endebrock*, 916 S.W.2d 456, 457 (Mo.App. E.D.1996). Additionally, we recognize the superior position of the trial court to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in a trial transcript. *Ficker v. Ficker*, 62 S.W.3d 496, 499 (Mo.App. E.D.2001). The trial court is free to accept or reject all, part, or none of the testimony of a witness. *Endebrock*, 916 S.W.2d at 459.

### Discussion

Wife raises two points on appeal. In her first point, Wife argues that the trial court erred in failing to make the following findings of fact as requested under Rule 73.01:(1) how the LAGERS pension was determined to be marital and/or non-marital property and (2) the percentage of marital property awarded to each party.

 Failure of a court to prepare specified findings of fact as requested by counsel under Rule 73.01 is error and mandates reversal when such failure materially affects the merits of the action or interferes with appellate review. *Lattier v. Lattier*, 857 S.W.2d 548, 549 (Mo.App. E.D.1993). The failure of a trial court to issue findings that were properly requested does not always require reversal. *Id.* Generally, if the record is sufficient to support the trial court's judgment, we will affirm. *Id.*

 We conclude that the trial court erred in not determining the marital and non-marital portions of the LAGERS pension. The trial court must make specific findings on whether or not assets are marital or non-marital property prior to a subsequent just division of marital property. *Waldon v. Waldon*, 114 S.W.3d 428, 431

---

3. Prior to trial, the parties divided all household goods/furnishings and other personal property. Also, the court awarded each party their separate, individual bank accounts.

4. This marital residence was refinanced twice in 2001 to pay off substantial marital credit card debt.

(Mo.App. E.D.2003). In many cases, retirement benefits are the most valuable asset belonging to a married couple. *Lagermann v. Lagermann,* 109 S.W.3d 239, 243 (Mo.App. E.D.2003). The trial court's failure to identify the marital and non-marital portions of the LAGERS pension interferes with our ability to determine whether or not the trial court's division of the marital property is just. Until the non-marital portion of the LAGERS pension is identified and valued, we cannot determine whether or not the trial court's division of the marital property is just. *See Waldon,* 114 S.W.3d at 431.[5] We note that we also are unable to determine how the trial court arrived at the amount stated in its judgment as the distribution of marital property to Husband ($150,075) and whether or not the amount includes the LAGERS pension. Therefore, we reverse the judgment of the trial court and remand the case for the trial court to determine the marital and non-marital portions of the LAGERS pension, receiving additional evidence on this issue if necessary, and to divide the marital portion "as the court deems just."

In light of our ruling under Wife's point one on appeal, her point two on appeal, arguing that the trial court erred in awarding the whole monthly LAGERS pension benefit to Husband, is moot.

### Conclusion

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., J., concur.

---

**5.** Under Section 452.330, one of the relevant factors for the trial court to consider in its division of marital property is the value of the non-marital property set apart to each spouse.