Mary COLUMBO, Appellant,

v.

Gregory BRUNKHORST, Respondent.

No. ED 87197.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 20, 2007.

**334**

Theresa Counts Burke, St. Louis, MO, for Appellant.

Michael J. McAvoy, Fenton, MO, Michael A. Gross, St. Louis, MO, for Respondent.

GEORGE W. DRAPER III, Presiding Judge.

Mary Columbo (hereinafter, "Wife") appeals from the trial court's judgment dissolving her marriage to Gregory Brunkhorst (hereinafter, "Husband"). Wife claims the trial court erred in finding all of their retirement accounts were separate property and that the division of marital property was grossly disproportionate. We reverse and remand for further proceedings.

Wife and Husband were married on September 15, 2001. They separated in June 2003 and filed for dissolution in August 2004. After hearing all of the evidence, the trial court divided their assets, finding, *inter alia*, their individual retirement accounts to be separate property.

Both Wife and Husband concede the trial court erred in classifying these accounts as separate property. However, Wife seeks reversal while Husband asks this Court to determine that the misclassi-

fication does not materially affect the outcome of the trial court's distribution of property.

This Court will affirm the judgment of the trial court unless it is against the weight of the evidence, it is not supported by substantial evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Deck v. Deck*, 64 S.W.3d 870, 873 (Mo.App. E.D.2002). We view the evidence and all permissible inferences therefrom in the light most favorable to the trial court's decree, and we disregard all contrary evidence and inferences. *Deck*, 64 S.W.3d at 873. Further, "[w]e defer to the trial court's superior ability to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in the transcript." *Leazer v. Leazer*, 119 S.W.3d 597, 599 (Mo.App. E.D.2003); *Deck*, 64 S.W.3d at 873.

In her first point on appeal, Wife claims the trial court erred in finding the retirement accounts of Wife and Husband were separate property because they should have been classified as part marital and part separate property. Wife alleges there was evidence which established portions of each account accrued during the marriage and should have been subject to division as a part of the marital estate. We agree.

Pursuant to Section 452.330.1 RSMo (2000), the trial court shall set aside each individual's nonmarital property and divide the marital property. "Pension benefits resulting from contributions made to a pension fund during marriage are marital property." *Martinez v. Martinez*, 136 S.W.3d 886, 889 (Mo.App. W.D.2004). "However, retirement benefits accumulated prior to marriage are not marital property and are not divisible." *Pruitt v. Pruitt*, 94 S.W.3d 429, 433 (Mo.App. E.D. 2003). The trial court should separate the marital and nonmarital portions of retire-

ment benefits pursuant to the source of funds rule. *Hall v. Hall,* 118 S.W.3d 252, 259 (Mo.App. W.D.2003). Once the trial court determines the portion of nonmarital retirement benefits, it should set that portion aside to the spouse who earned it as separate property. *Id.*

Both Wife and Husband concede there were contributions to their individual retirement accounts during their marriage. Accordingly, these accounts should have been denominated as marital property, and the trial court should have used the source of funds rule to determine which portions were separate property.

The trial court's failure to distinguish between the marital and nonmarital portions of Wife and Husband's retirement accounts hinders our ability to determine whether the division of marital property is just. Until the division between marital and nonmarital amounts in the retirement accounts is completed, this Court cannot ascertain whether the trial court's division of the marital property is just and equitable. *See Waldon v. Waldon,* 114 S.W.3d 428, 431 (Mo.App. E.D.2003). Point granted.

In her second point on appeal, Wife alleges the trial court erred in its division of marital property because the division was not fair and equitable. Wife believes the trial court awarded Husband a grossly disproportionate amount of the marital property. Taking into consideration our disposition of Wife's first point, this point is rendered moot.

The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion.

GARY M. GAERTNER, SR., J., and ROBERT G. DOWD, JR., J., concur.