Cecil **PITTMAN** and Lillian Pittman, Respondents,

v.

Diane **HENDRICKS**, Appellant.

No. ED 98770.

Missouri Court of Appeals, Eastern District, Southern Division.

June 4, 2013.

———————

Jason C. Comstock, Cape Girardeau, MO, for Appellant.

Michael H. Maguire, Atty. For Resp. Cecil Pittman, Albert C. Lowes, Atty. For Resp. Lillian Pittman, Cape Girardeau, MO, for Respondent.

ROBERT M. CLAYTON III, Judge.

Diane Hendricks appeals the judgment of the trial court in favor of Cecil and Lillian Pittman ("the Pittmans") on their claims for quiet title and ejectment and against Hendricks on her counterclaims for adverse possession, trespass, and ejectment.[1] We reverse and remand.

## I. BACKGROUND

In 1975, James and Phyliss Thomure sold a portion of their property in Cape Girardeau County located at 380 Teton Lane. They remained on an adjacent, separate portion of property, known as 152 Sioux Lane. Ultimately, 380 Teton Lane was purchased by Hendricks in 1994. The Thomures continued living at 152 Sioux Lane, until they sold their property to the Pittmans in 2010. The Pittmans subsequently filed a petition to quiet title and for ejectment against Hendricks, claiming she had wrongfully encroached on their property by "maintaining an above-ground swimming pool on a portion of their real estate." Hendricks responded to the Pittmans' petition with an answer and counterclaim for adverse possession, damages for trespass, and ejectment.

The matter was heard by the trial court. Prior to the bench trial, both the Pittmans and Hendricks filed detailed requests for findings of fact and conclusions of law with the court, pursuant to Rule 73.01(c).[2] Although both parties sought specific findings and conclusions from the trial court, the one-page judgment simply found "that the evidence is not persuasive to establish all elements of adverse possession." The court denied Hendricks' counterclaims, and entered judgment in favor of the Pittmans on their claims to quiet title and for ejectment. Following the court's judgment, Hendricks filed a motion to amend the judgment, asking the court to amend its judgment to include the requested findings and conclusions. The trial court denied Hendricks' motion to amend.[3] Hendricks now appeals.

## II. DISCUSSION

Hendricks asserts four points on appeal. In her first point, she claims the trial court erred in failing to issue findings of fact and conclusions of law in response to the proper requests from both parties. In points two and three on appeal, she claims the court erred in entering judgment in favor of the Pittmans because the judgment was against the weight of the evidence. In her

---

1. Hendricks filed a motion to strike the Pittmans' statement of facts in their respondents' brief. The motion is denied.

2. All references to Rules are to Missouri Supreme Court Rules (2012).

3. Hendricks filed a motion to reconsider the motion to amend; however, the record on appeal does not reflect any ruling upon this motion by the trial court. Rule 81.05 provides that a judgment becomes final following an authorized after-trial motion within ninety days of the date of the motion was filed, at which time the motion is deemed denied if not ruled upon.

final point on appeal, Hendricks claims the trial court erred in allowing the Pittmans to introduce deposition testimony of Hendricks' former husband at trial. Because our review of Hendricks' first point on appeal is dispositive, we need not consider the remaining points.

## A. Failure to Issue Findings of Fact and Conclusions of Law

As previously noted, in her first point on appeal, Hendricks claims the trial court erred in entering judgment in favor of the Pittmans because the court failed to issue findings of fact and conclusions of law in response to the requests of both parties. According to Hendricks, the trial court's failure to do so materially affects our review.

Rule 73.01(c) states that the court "may, or if requested by a party shall, include in the opinion findings on the controverted fact issues specified by the party." Our courts have held the provisions of Rule 73.01 are mandatory if a party requests findings on specific controverted fact issues. *Legacy Homes Partnership v. Gen. Elec. Capital Corp.*, 10 S.W.3d 161, 162 (Mo.App. E.D.1999) (citing *Lattier v. Lattier*, 857 S.W.2d 548, 549 (Mo.App. E.D.1993)). We must reverse the court's judgment where it fails to include specific findings of fact as requested by the parties when such failure materially affects the merits of the action or interferes with appellate review. *Id.*

Here, the Pittmans concede the parties made proper requests for findings of fact and conclusions of law. The Pittmans further concede the trial court did not include any such findings or conclusions in its judgment. However, the Pittmans argue the trial court's failure does not constitute reversible error because the failure did not materially affect Hendricks' case. This argument is without merit.

In the present case the parties requested specific findings regarding controverted fact issues in Hendricks' claim of adverse possession. Although the parties included a detailed recitation of the fact issues they sought to have the court resolve, the trial court did not rule on or provide any factual basis for its decision that "the evidence is not sufficiently persuasive to establish all elements of adverse possession." [4] In light of the fact-specific nature of a claim of adverse possession, including its numerous elements and defenses,[5] we cannot conclude the trial court's judgment, absent the required findings of fact, was sufficient for meaningful appellate review.

Therefore, we reverse and remand the judgment with instructions that the trial court enter sufficient findings of fact and conclusions of law.

## III. CONCLUSION

The judgment of the trial court is reversed and remanded with instructions for the trial court to make sufficient findings

---

4. At the end of trial, the court also stated on the record that while it would likely find additions to the property, the court did not believe "that rises to the level of adverse possession." This statement did not serve as a sufficient factual basis for the court's judgment.

5. To make a prima facie case of adverse possession, a plaintiff must prove possession of the land was (1) hostile, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for a period of ten years. *Cooper v. Carns*, 263 S.W.3d 729, 733 (Mo.App. W.D. 2008). Among other defenses, the element of hostile possession can be refuted with evidence of permissive use of the land. *Id.*

of fact to allow for meaningful appellate review.

GARY M. GAERTNER, JR., C.J. and ROY L. RICHTER, J., concur.