Bambi S. GENDRON, Respondent,

v.

Charles Terry GENDRON, Appellant.

No. WD 55615.

Missouri Court of Appeals,
Western District.

May 18, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 29, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Anita I. Rodarte, Kansas City, for respondent.

David W. White, Overland Park, for appellant.

Before BRECKENRIDGE, C.J., ULRICH, P.J. and EDWIN H. SMITH, J.

ULRICH, Presiding Judge.

Charles Terry Gendron (Husband) appeals the judgment of the trial court dissolving his marriage to Bambi Gendron (Wife). Husband claims the trial court erred and abused its discretion in (1) miscalculating the marital property proportion of his military retirement pension by erroneously including the portion of the pension previously awarded to his first wife; (2) awarding Wife $2,500 in attorney's fees because the award exceeded the amount of attorney's fees justified by the evidence; and (3) failing to divide Wife's IRA as a marital asset because the court incorrectly calculated and divided his military retirement pension but did not divide Wife's IRA. The judgment of the trial court is affirmed.

## FACTS

Bambi Gendron (Wife) and Charles Terry Gendron (Husband) were married in Clay County on May 2, 1992, and separated from each other on or about June 25, 1997. Wife filed her Petition for Dissolution of Marriage on June 27, 1997. Prior to his marriage to Wife, Husband was married for 11 years to Ingrid Gendron. Husband and Ingrid terminated their marriage by divorce in 1991.

At the time Wife and Husband were married, Husband was a Major in the United States Army on active duty. On December 31, 1997, Husband retired from the Army. Through the date of his retirement, Husband was credited with 22 years, one month and 24 days of service. Based upon this credited service, Husband accrued a monthly pension benefit from the United States Army in the amount of $2,899, which was payable upon his retirement.

At trial, Wife offered testimony from an expert witness to establish that 25.76% of the military retirement benefit was earned during the marriage. Husband offered evidence to establish that the prior divorce decree terminating his first marriage granted Ingrid Gendron 27.5% of his monthly retirement amount determined for 20 years of service only. Apparently the award to Husband's first wife was computed for 20 years of service because entitlement to a monthly pension would become effective only when Husband had served 20 years in the United States Military, and he had not yet served in the Army the required minimum when the divorce occurred.

Wife also offered evidence that two days before the parties separated, Husband contracted to purchase a new Pontiac Grand Prix automobile and issued a trade request to withdraw $25,000 from a joint investment account having a balance of $27,000. The contract for purchase of the new Grand Prix required the trade of a 1993 Oldsmobile jointly owned by the parties. The withdrawal from the investment account and the trade in of the jointly held automobile were transacted without Wife's knowledge or consent. Upon discovering the transactions, Wife retained counsel who obtained an ex parte temporary restraining order on June 27, 1997, limiting Husband's use of jointly owned assets. The court issued the temporary restraining order on June 27, 1997.

No children were born of the marriage, and both parties waived spousal maintenance. At trial, Wife requested that she be awarded an equitable share of the marital estate and asked the court to take into

consideration her contributions during the marriage as well as Husband's conduct in attempting to liquidate and conceal marital assets immediately preceding the parties' separation. She also requested that when the court determined her request for attorney's fees that it consider Husband's actions that prompted the need for additional attorney assistance in obtaining two separate restraining orders.

The court entered its Judgement of Dissolution on February 24, 1998, finding that 25.76%, or $746.48, of the total $2,899 monthly military retirement benefit was earned during the marriage. The court found that Wife was entitled to 12.88%, or $373.39, of the monthly benefit. The court further found that Wife was eligible to receive the full survivor benefit coverage in connection with the military retirement benefit at a cost of $188.44 per month. The court, therefore, deducted $188.44 from the amount of monthly military retirement benefits wife was entitled to receive leaving Wife with $184.85 as her net portion of the monthly retirement benefit. The court also awarded Wife $2,500 as payment for her attorney's fees. This appeal followed.

## STANDARD OF REVIEW

■ In a dissolution action, the judgment of the trial court will be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 818 (Mo. banc 1984); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The party challenging a dissolution decree bears the burden of demonstrating error. *Crews v. Crews,* 949 S.W.2d 659, 663 (Mo. App.1997). The trial court has broad discretion in the division of marital property and will only be disturbed on appeal if the distribution of marital property is so "heavily and unduly weighted in favor of one party as to amount to an abuse of discretion." *Id.* (quoting *Dodson v. Dod-*

*son,* 904 S.W.2d 3, 6 (Mo.App.1995)); *Miles v. Werle,* 977 S.W.2d 297, 301 (Mo. App.1998).

## DIVISION OF HUSBAND'S MILITARY RETIREMENT PENSION

■ In his first point on appeal, Husband argues that the trial court erred in awarding Wife 12.88% of his military retirement pension because the court miscalculated the marital property portion of the pension by erroneously considering for distribution the entire earned monthly retirement pension, including the portion of the pension previously awarded to his first wife.

In the decree of divorce that terminated Husband's first marriage to Ingrid Gendron, the court found that 55% of the value of the retirement benefit that would be available after 20 years of service in the Army by Husband was earned during that first marriage. The court, therefore, awarded Ingrid Gendron 27.5% of Husband's retirement pension calculated on the basis of 20 years of service, one-half of the amount of the pension benefit determined for 20 years of military service that was earned during the marriage. Husband contends that the portion of his pension benefit awarded to Ingrid Gendron can no longer be considered his property and should not have been considered marital property subject to division by the court in calculating the amount of the pension benefit Wife was entitled to receive.

Husband's credited military service totaled 22 years, one month and 24 days. Husband and Wife were married during 68 months of Husband's credited military service. Therefore, 68 months of the retirement benefit was accrued during the marriage. The trial court divided Husband's total credited military service during the marriage by his total credited military service to determine that 25.76% of the pension benefit was earned during the marriage.[1] The court then awarded half of that amount, or 12.88%, to Wife.

1. $\underline{\text{68 months credited service during marriage}}$ = 25.76%

To establish the monetary value of the percentage, the court determined that a monthly pension benefit had accrued in the amount of $2,899 based on Husband's credited service in the United States Army.[2] The court found that 25.76% of Husband's $2,899 monthly military retirement benefit was $746.48 and that Wife was entitled to $373.39, or 12.88%. The court further found that Wife was eligible to receive the full survivor benefit coverage in connection with the military retirement benefit at a cost of $188.44 per month. The court, therefore, deducted $188.44 from the amount of monthly military retirement benefits she was entitled to receive leaving Wife with $184.85 as her net portion of the monthly retirement benefit.

Husband does not challenge the accuracy of the trial court's findings as to the percentage of the benefit earned during the marriage or that Wife was entitled to 12.88% of the benefit. He argues instead that the monetary value of this percentage must be calculated from the portion of the monthly benefit pension remaining after deducting the amount payable to his first wife. He asserts that the court should have begun by subtracting Ingrid Gendron's interest of $724.97 from his gross benefit of $2,899 to determine the benefit actually belonging to him, which is $2,173.03.[3] Applying Husband's formula, Wife's monetary award would then be 12.88% of $2,173.03, or $279.89. After subtracting $188.44, the cost of the survivor benefit coverage, Wife should receive $91.45 per month, not $184.85.

Husband's argument is errant. In dividing the marital property between Husband and Wife, the court determined that a portion of Husband's military retirement pension benefit should go to Wife. To determine what portion Wife should receive, the court began by first determining what portion of the pension benefit was earned during the marriage because, by inference, the court determined such portion is the only portion constituting marital property subject to division by the trial court. Using a simple percentage formula, the court determined that during the 68 months that Husband and Wife were married and Husband served in the military, 25.76% of Husband's entire pension benefit was earned. The court then awarded 12.88% of the 25.76% earned during the marriage to Wife. To properly determine the monetary value of the 12.88%, the total amount accrued as Husband's monthly pension benefit must be the basis. Logic dictates that the total amount accrued is the basis for calculating the monetary value because that is what the percentage represents – it is the *portion* of the *total amount accrued* that was *earned during the marriage*. The same process was used in Husband's first marriage to determine what percentage of the amount earned during that marriage Ingrid Gendron was entitled to receive. The percentage of Husband's pension benefit awarded to Ingrid does not alter the percentage awarded to Wife in this case because each wife's interest was independently established.

Hypothetically, applying Husband's position, if a man were married successively to four different wives, each for five years, and he served in the military throughout the entire 20 years, each wife would be entitled to a portion of Husband's retirement pension. If each wife were awarded half of the amount of the pension benefit earned during the Wife and Husband's

---

264 months total credited service

**2.** This amount is determined by multiplying Husband's total years of service by 2.5% and then multiplying that number by his monthly gross pay at the time of retirement. *See* 10 U.S.C. § 1401 *et. seq.* 1998.

**3.** In the divorce decree terminating Husband's marriage to Ingrid Gendron, the court awarded Ingrid 27.5% of the value of Husband's pension after 20 years of service. To determine the actual monetary amount Ingrid is entitled to, Husband's 20 years of service are multiplied by 2.5% equaling 50%. *See* 10 U.S.C. § 1401 *et. seq.* 1998. That percentage is then multiplied by Husband's ending base pay resulting in a figure of $2,636.25. Ingrid was awarded 27.5% of $2,636.25 or $724.97.

marriage, each would be entitled to ⅛ of the husband's total pension benefit. If husband's total monthly benefit were determined to be $2,000.00, each wife would be entitled to $250 per month. This is logical because each was married to the husband for the exact same amount of time, and the amount of the husband's pension benefit earned during each marriage was the same. Utilizing Husband's method, however, the first wife would be entitled to $250 per month, the second wife to $218.75, the third to $191.41, and the fourth wife to $167.48.[4]

The method applied by the trial court in awarding Wife 12.88% of Husband's monthly military pension is mathematically and logically sound. The court's award was supported by substantial evidence, and the trial court did not mistake or misapply the law. Point one is denied.

## ATTORNEY'S FEES

■ In his second point on appeal, Husband claims that the court erred in awarding Wife $2,500 in attorney's fees because the award exceeded the amount of fees justified by the evidence. Generally, parties to a dissolution action pay their own attorneys' fees. *Graves v. Graves*, 967 S.W.2d 632, 643 (Mo.App.1998). However, section 452.355.1 gives the trial court discretion to order one of the parties to pay a reasonable amount of the other's attorney's fees. § 452.355.1.[5]

■ The trial court has broad discretion in awarding attorney's fees, and this court will affirm an award for attorney's fees unless it is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration. *McNeely v. McNeely*, 935 S.W.2d 103, 104 (Mo.App. 1996).

■ Section 452.355.1 provides that the court may award a reasonable amount of

attorney's fees "after considering all relevant factors." § 452.355.1. Among the factors to be considered in awarding attorney's fees is the extent to which the other party's conduct required the expense of attorney's fees or unnecessarily engendered increased litigation expenses. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 655 (Mo. banc 1989). Wife offered evidence at trial showing her estimated total fees were $4,788. Wife's attorney offered detailed statements of the fees incurred in obtaining information concerning Husband's military retirement benefits and in obtaining the two restraining orders against Husband. One restraining order was obtained to prevent the dissipation of marital assets when Husband attempted to liquidate the bulk of the couple's depository accounts, and the second was obtained to bar harassing phone calls by Husband.

After considering all relevant factors, the trial court awarded Wife $2,500 in attorney's fees. The court's award of $2,500, considering this evidence, was neither arbitrary nor unreasonable. Because the court acted within its discretion in its award of $2,500 in attorney's fees, the point is denied.

## DIVISION OF WIFE'S IRA

■ Husband contends as his final point on appeal that the trial court erred in failing to divide Wife's INVESCO IRA as a marital asset because the court incorrectly calculated and divided his military retirement pension and then did not divide Wife's IRA. When the trial court heard this case, Wife owned an IRA that was established with funds she accumulated in a 401k plan while the parties were married. The value of the account as of February 6, 1998, was $5,539.62. In its division of marital property, the trial court awarded the entire account to Wife. Hus-

---

**4.**

First Wife:  $2,000 × ⅛ = **$250**

Second Wife: $2,000 − $250 = $1,750 × ⅛ = **$218.75**

Third Wife: $2,000 − $250 = $1,750 − $218.75 = $1,531.25 × ⅛ = **$191.41**

Fourth Wife: $2,000 − $250 = $1,750 − $218.75 = $1,531.25 − $191.41 = $1,339.84 × ⅛ = **$167.48**

**5.** All statutory references are to RSMo 1994 unless otherwise indicated.

band argues that such a division of the account is inequitable because the court awarded Wife a 50% interest in the portion of his military retirement pension earned during the marriage and, therefore, he should have been awarded 50% of the funds in Wife's IRA account.

■ The trial court has considerable discretion in dividing marital property. *Dardick v. Dardick,* 670 S.W.2d 865, 869 (Mo. banc 1984); *Lenger v. Lenger,* 939 S.W.2d 11, 14 (Mo.App.1997). Division of property by the trial court will be affirmed if it is not unduly weighted in favor of one party so as to constitute an abuse of discretion. *Dardick,* 670 S.W.2d at 869. The trial court's division of property is presumed correct, and the party opposing the court's division bears the burden of overcoming this presumption. *Murphy,* 536 S.W.2d at 32. Under section 452.330, the trial court must divide the marital property "in such proportions as the court deems just after considering all relevant factors...." § 452.330. The court's division should be fair and equitable taking into account the statutory factors, but the division is not required to be equal, and the court is not required to divide each individual asset. *See Crews v. Crews,* 949 S.W.2d 659, 664 (Mo.App.1997); *Dove v. Dove,* 773 S.W.2d 871, 873 (Mo.App.1989); *Goldberg v. Goldberg,* 691 S.W.2d 317, 321 (Mo.App. 1985) ("The courts should look to the total amount of marital property as a unit rather than view the various assets as separate items and then consider 'all relevant factors' and make a just division....").

The court awarded the family home, having a net value of $4,000 to Husband, and other marital property resulting in his receiving approximately $63,639 in total assets. Included in Husband's total property award are two Uniform Gift to Minors Accounts with a value of $34,732. Husband contends that these accounts should not be considered as marital property because they are the property of his two children from his first marriage. If the accounts are excluded from consideration in the total award of assets, Husband was awarded $28,907.00 in marital property. Wife was awarded approximately $31,841.00 in total assets. The court's division of assets, therefore, resulted in Wife receiving 52% of the marital property and Husband receiving 48%.

The court's division of the marital property, even excluding the Uniform Gift to Minors accounts from consideration, is not unduly weighted in favor of Wife. The court was not required to equally divide Wife's INVESCO IRA merely because it awarded her a portion of Husband's military retirement pension. Considering the totality of the trial court's asset allocation, the court's award of the INVESCO IRA to Wife does not render the division of property unduly weighted in favor of Wife. The court did not abuse its discretion. The point is denied.

The judgment of the trial court is affirmed.

All concur.