Carla K. SCHROEDER, Appellant,

v.

Steven J. SCHROEDER,
Pro Se, Respondent.

No. WD # 58741.

Missouri Court of Appeals,
Western District.

Nov. 13, 2001.

**3.** Wildwood's Prebriefing Motion to Transfer this appeal to the Missouri Supreme Court is    denied.

James T. Pietz, Independence, Attorney for Appellant.

Steven J. Schroeder, Kansas, Pro Se.

Before NEWTON, P.J.,
LOWENSTEIN and SMART, JJ.

HAROLD L. LOWENSTEIN, Judge.

Carla Schroeder appeals from the judgment dissolving her marriage to Steven Schroeder. Carla claims the trial court erred in awarding her retirement benefits to both parties and in awarding Steven a set of savings bonds, valued at $148,768, that were purchased during the marriage. Because this court finds that: 1) Steven concedes that Carla should receive all of her retirement benefits; and 2) the trial court's award of the bonds to Steven did not amount to an abuse of discretion, the judgment is affirmed in part and reversed and remanded in part.

### Factual and Procedural History

Steven Schroeder (Steven) and Carla Schroeder (Carla) were married in 1984. No children were born of the marriage and neither party sought maintenance. Prior to the marriage, Carla presented Steven with an antenuptial agreement which listed stocks and bonds she owned jointly with her parents and a car. In 1986, both of Steven's parents died within a month of each other. Steven inherited money from various insurance settlements.

In February of 1999, Carla filed a petition for dissolution of marriage. The parties were in agreement on how most of their property was to be divided. They did not agree, however, as to a set of Series EE savings bonds purchased during the marriage. After a hearing, the trial court rendered a judgment of dissolution, which included a finding that the bonds were marital property and awarded them to Steven. The trial court awarded to Carla "all retirement and pension benefits accrued in [Carla's] name." Carla had worked for the Kansas City, Missouri, School District and had a retirement plan, "KCMO Public School District # 71043." In conflict with the award to Carla, the trial court awarded Steven that same retirement plan.

### I.

Carla's first two points on appeal will be taken together. Carla argues that the trial court erred in awarding Carla's teacher's retirement plan to both her and Steven, and in not setting aside Carla's retirement plan as her separate non-marital property.

Steven concedes that Carla should be awarded her retirement accounts, including "KCMO Public School District # 71043" which was awarded to both of them as separate marital property. As such, the cause is remanded for the trial court to amend its judgment, awarding Carla the "KCMO Public School District # 71043" retirement plan.

### II.

Carla also argues that the trial court abused its discretion in awarding Steven 66 percent of the marital property, in that it did not consider and weigh the contributions of each spouse to the acquisition of the marital property, the value of the non-marital property set apart to each spouse,

and the conduct of the parties during the marriage.

■ This court's review of provisions in a divorce decree with regard to the division of marital property is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decision of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Crews v. Crews*, 949 S.W.2d 659, 663 (Mo.App.1997). The party challenging the divorce decree bears the burden of demonstrating error. *Id.*

■ "The trial court has broad discretion in the division of marital property and will only be disturbed on appeal if the distribution of marital property is so 'heavily and unduly weighted in favor of one party as to amount to an abuse of discretion.'" *Gendron v. Gendron*, 996 S.W.2d 668, 670 (Mo.App.1999) (quoting *Dodson v. Dodson*, 904 S.W.2d 3, 6 (Mo. App.1995)). Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *In re Marriage of Medlock*, 990 S.W.2d 186, 189 (Mo.App.1999).

The primary disagreement in this case concerns the award of a set of Series EE Savings Bonds to Steven that were acquired during the marriage. The bonds were purchased in 1986, 1987, 1989 and 1992. At the time of the trial, the bonds were valued at $148,768. Steven claims that the bonds were purchased with funds he received as his inheritance from his parents; however, he asserted he could not prove the source of the funds to purchase the bonds because Carla denied him access to the financial records. Steven does not dispute that the bonds are marital property.

Carla argues that the trial court erroneously awarded all of the bonds to Steven. She claims that without factoring in the parties' retirement plans, Steven will receive 66 percent of the marital assets and she will only receive 34 percent. Carla maintains that such a division is unfair in light of the factors in § 452.330, RSMo 2000.[1]

■ Section 452.330 governs the division of property in a dissolution action. The trial court is afforded great flexibility and discretion in its division of property pursuant to § 452.330. *Nelson v. Nelson*, 25 S.W.3d 511, 517 (Mo.App.2000). Section 452.330.1 reads, in pertinent part:

1. In a proceeding for dissolution of the marriage .... the court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property and marital debts in such proportions as the court deems just after considering all the relevant factors including:

(1) The economic circumstances of each spouse at the time the division of the property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

1. All statutory references are to RSMo 2000, unless otherwise indicated.

(5) Custodial arrangements for minor children.

The division of marital property does not have to be equal, but need only be "fair and equitable given the circumstances of the case." *Nelson,* 25 S.W.3d at 517. "That one party is awarded a higher percentage of marital assets does not *per se* constitute an abuse of the trial court's discretion." *Id.* (quoting *Klockow v. Klockow,* 979 S.W.2d 482, 487 (Mo.App. 1998)).

In this case, there was evidence of the first four factors of § 452.330.1; the fifth was irrelevant as the parties have no children. As to the first factor, the parties' economic circumstances, Carla has a college degree and has worked for the Kansas City, Missouri, School District and at the University of Missouri at Kansas City in administration. Steven has worked as a chemist at the Midwest Research Institute since the mid–1980s and is close to receiving a degree from the University of Missouri at Kansas City. As an ongoing gift from Carla's grandmother, the parties paid no rent for five years of their marriage and paid only $100 per month during the remainder of their marriage. The parties have no debt.

With regard to the second factor, the contribution of each spouse to the acquisition of the Series EE Savings Bonds, Carla testified that she contributed labor, employment and work toward the acquisition of the bonds. Steven testified that he purchased the bonds with money he inherited after the deaths of his parents and grandmother. A review of the bonds shows that they were titled in both parties' names. Steven testified that he kept detailed financial records for the parties and that he recorded all financial transactions in blue bank books. Steven claimed that he left the bank books at the marital residence when he moved out and when he tried to retrieve them, Carla claimed she did not know where they were.

Evidence as to factor three, the value of the nonmarital property set apart to each spouse, was limited because the value of many of the assets were listed as "unknown." The evidence did show that Carla was awarded Series EE Savings Bonds (as contemplated by the antenuptial agreement) valued at $127,500, various shares of stock, various jewelry and a Fox jacket valued at $700. Steven was awarded four quilts, an afghan, his mother's wedding ring, and real estate in Columbia, Missouri.

Finally, the fourth factor to be considered is Carla and Steven's conduct during the marriage. Carla moved in with a man after the parties separated in March of 1999. She filed an adult abuse petition and obtained a restraining order against Steven in May of 1999. Carla testified that Steven sent her several letters and "stalked" her. Carla also testified that Steven began a relationship with an aerobics instructor prior to the parties' separation. Carla confronted the aerobics instructor and believed that Steven was going to run off with the woman. Steven testified that he did not have a relationship with the woman.

Based on these factors, this court does not find that the trial court abused its discretion in awarding the set of bonds at issue to Steven. The award of the bonds to Steven does not make the distribution of the marital property so "heavily and unduly weighted in favor of one party as to amount to an abuse of discretion." *Gendron,* 996 S.W.2d at 670. In its judgment, the trial court found that the bonds were purchased with marital money, that Steven had kept detailed financial records, and that Carla deprived him of access to those records after their separation. The court

then found it would be equitable to award the bonds to Steven. The trial court was free to believe or disbelieve either parties' testimony. *Taylor v. Taylor*, 25 S.W.3d 634, 643 (Mo.App.2000). This court defers to the trial court's determination on such matters. *Id.* This point is denied.

The judgment of the trial court is affirmed in part, but is reversed and remanded for the sole purpose of amending the judgment to comport with Part I of this opinion wherein appellant's retirement plan is awarded to her only.

All concur.