Julia E. MARTINEZ, Respondent,

v.

Sergio L. MARTINEZ, Appellant.

No. WD 62622.

Missouri Court of Appeals,
Western District.

June 29, 2004.

Susan E. Long, Liberty, MO, for appellant.

David L. Cooper, Kansas City, MO, for respondent.

Before LOWENSTEIN, P.J., EDWIN H. SMITH and HOWARD, JJ.

HAROLD L. LOWENSTEIN, Judge.

The parties to the dissolution, Sergio Martinez (Husband) and Julia Martinez (Wife) were married in 1982. The parties had three children, two children born of the marriage and Wife's child from a prior relationship.[1] In late 2001, Wife filed a petition for dissolution of marriage.

Prior to the filing, the parties had experienced marital difficulties, having been separated on two different occasions. In fact, Wife had previously filed for divorce in 1989 and 1990, citing verbal and physical abuse committed by Husband. Howev-

---

1. Husband subsequently adopted this child after he married Wife.

er, both times Wife chose to return to the marriage.

Approximately one month before the divorce petition was filed, one of their daughters was sexually assaulted by Wife's brother in New Orleans, Louisiana. Husband traveled to New Orleans to be with the daughter, while Wife drove to Illinois to retrieve the daughter's possessions. The child returned to the family home with her father, where she stayed for a few days before going back to college. Wife decided to stay with the daughter in Illinois to help her readjust to college after the sexual assault. When the child went home for Thanksgiving break, Wife did not return with her. In fact, Wife returned to the family home only once prior to her filing the petition for dissolution. Wife eventually moved in with the man she was involved with prior to the marriage and with whom Husband accused her of having an affair.

Following trial, Husband was awarded primary physical custody of the parties' two minor children.[2] The trial court ordered Wife to pay $611 in monthly child support and divided the marital property, apportioning fifty-two percent to Husband and forty-eight percent to Wife. Husband appealed, challenging the property division and a credit given to Wife for child support payments made while the divorce was pending.

## STANDARD OF REVIEW

▉▉▉ Provisions in a divorce decree will be affirmed unless there is no substantial evidence to support them, they are against the weight of the evidence, or the trial court incorrectly declares or applies the law. *Stangeland v. Stangeland,* 33 S.W.3d 696, 700 (Mo.App.2000). The trial

court has broad discretion in distributing marital property, and its decision will not be overturned absent an abuse of discretion. *Schroeder v. Schroeder,* 59 S.W.3d 607, 609 (Mo.App.2001). To determine whether the trial court abused its discretion, this court reviews the evidence in a light favorable to the decree, disregarding any evidence to the contrary and deferring to the trial court's judgment even if the evidence could support a different conclusion. *Llana v. Llana,* 121 S.W.3d 286, 288–89 (Mo.App.2003).

## ANALYSIS

▉▉▉ Husband claims that the trial court erred in giving Wife credit for $1000 in child support payments made during the parties' separation because there was no evidence that such payments were actually made. However, this is not true. During trial, Wife was asked whether she contributed to the support of the parties' son:

Q. And in fact, during the past several months you have paid some temporary child support by sending money orders to me that I then send on to Mr. Fluker [Husband's counsel] to pass on, is that right?

A. That's right.

In fact, Husband even testified that Wife had made contributions to the support of their son:

Q. Now, she also has sent some payments that she has sent directly in care of your son, is that correct?

A. Yes, sir. She has sent, I believe, three money orders, $250 each, in the last eight months.

Wife does concede that there was only evidence of child support payments total-

---

**2.** The parties' oldest child was emancipated at the time of trial and was not subject to the divorce decree.

ing $750, and that the trial court erroneously gave her credit for an additional $250 payment that she did not make. Consequently, this court must amend the judgment to reflect that Wife should receive a credit of $750 for child support payments made during the parties' separation.

Husband next claims that the trial court erred in awarding Wife half of the proceeds from his IRA. The IRA was completely funded with money from his retirement pension plan accumulated during the nineteen years he worked at Kansas City Power and Light (KCPL). He asserts that the portion of the IRA that was funded with premarital pension plan contributions should have been classified as nonmarital property and awarded to him.[3]

 Section 452.330.1[4] states that "[i]n a proceeding for dissolution of the marriage ... the court shall set apart to each spouse such spouse's nonmarital property." Pension benefits resulting from contributions made to a pension fund during marriage are marital property. *Moritz v. Moritz*, 844 S.W.2d 109, 115 (Mo.App.1992). However, property acquired prior to marriage is nonmarital property. *Comninellis v. Comninellis*, 99 S.W.3d 502, 509 (Mo.App.2003). As such, "retirement benefits accumulated prior to marriage are not marital property and are not divisible." *Pruitt v. Pruitt*, 94 S.W.3d 429, 433 (Mo.App.2003).

In *Hall v. Hall*, 118 S.W.3d 252 (Mo. App.2003), this court addressed the same argument that Husband is now making. There, Hall argued that "because he worked ... for twenty-one years and was only married to [his wife] for fourteen of those years, thirty-five percent of the pension should have been set aside to him as non-marital property." *Id.* at 259. In affirming the trial court's property division, this court reasoned that Hall had not met his burden of demonstrating error. *Id.* at 261; *see also Beckham v. Beckham*, 41 S.W.3d 908, 914–15 (Mo.App.2001) ("The trial court's division of property is presumed correct, and [the appellant] bears the burden of overcoming this presumption."). This court stated:

> The mere fact that Husband was employed by Sprint prior to marrying Wife does not conclusively establish whether or to what extent he was accruing pension benefits during that period. There was no evidence presented at trial as to how the pension was computed, the exact date when the pension benefits accrued, nor the date when the plan began. Absent such evidence, we cannot find error with the trial court's designation of the entire pension as marital property because we cannot ascertain what, if any, contributions were made to the pension plan prior to marriage.

*Hall*, 118 S.W.3d at 261.

Here, there was no evidence indicating the amount Husband contributed to his pension plan during the three years he worked at KCPL prior to marriage. In fact, it is possible that Husband made no contributions to his retirement plan until after he was married to Wife. Without any evidence regarding the amount Husband contributed to his pension plan prior to marriage, this court cannot conclude that the trial court erred in not setting aside a

---

3. Husband bases his argument on the fact that he worked at KCPL for three years before marriage. Since three years constitutes approximately fifteen percent of the time he spent working at KCPL, he argues that the trial court should have set aside the same percentage of his IRA (having been funded by his pension plan) as nonmarital property.

4. All statutory references are to RSMo. (2000) unless indicated otherwise.

portion of the IRA as separate property. *Id.* at 260; *Hubbs v. Hubbs,* 870 S.W.2d 901, 906 (Mo.App.1994); *In re Marriage of Medlock,* 749 S.W.2d 437, 440 (Mo.App. 1988). Point denied.

Husband also claims that the trial court erred in dividing the marital property. He argues that the trial court failed to consider Wife's misconduct during the marriage, and that he was entitled to a larger share of the marital property due to such misconduct. The misconduct that Husband is referring to includes Wife's extramarital affair and the abandonment of her family following the sexual assault committed against their daughter.

On appeal, this court assumes that the trial court considered all the evidence when it divided marital property and marital debt. *Bean v. Bean,* 115 S.W.3d 388, 393 (Mo.App.2003). Husband cites the fact that the trial court "did not specifically mention or refer to any issues of conduct in its [judgment]." However, Husband fails to mention that neither party requested specific findings of fact or conclusions of law. Accordingly, it is presumed that the trial court did in fact consider Wife's conduct during the marriage.

Furthermore, marital misconduct is only one factor to consider in making a property division.[5] " 'Even if the trial court believes the evidence of misconduct, it may still divide the marital property in substantially equal fashion.' " *Ballard v. Ballard,* 77 S.W.3d 112, 117 (Mo.

App.2002), quoting *Messer v. Messer,* 41 S.W.3d 640, 643 (Mo.App.2001). Lastly, there was also evidence of Husband's misconduct during the marriage as well. At trial, Wife testified that she was subjected to verbal and physical abuse during the marriage, which included "shoving, hitting, slapping, [and] being called names." In fact, Wife obtained a protective order against her husband during one of the parties' previous separations. It is within the trial court's discretion to have weighed the conduct of both parties and determined that neither party was entitled to a disproportionate share of the marital property.

Husband's final point is that the trial court erred in not giving him credit for payments he made on a car that ultimately was awarded to Wife as her separate property. Husband argues that the trial court should have required Wife to reimburse him for the payments he made on the car or to award him a greater portion of the marital property. However, the trial court did award Husband a greater share of the marital property. Husband received fifty-two percent of the marital property; Wife received forty-eight percent. As far as this court can tell, the trial court could have awarded Husband a majority of the marital property to offset the $2215 he paid on the car. In light of the standard of review, keeping in mind that the property division is presumptively correct, this court cannot conclude that the trial court abused its discretion.

---

5. Section 452.330 provides five factors the trial court must consider when dividing marital property:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of the children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

The judgment, as modified for allowance of a credit to Wife in the amount of $750, is in all other respects, affirmed.

All concur.