**Judith Ann SEGGELKE, Appellant,**

v.

**Raymond SEGGELKE, Respondent.**

**No. ED 92857.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 17, 2010.

Benicia Baker–Livoris, St. Charles, MO, for Appellant.

Jane E. Tomich, St. Charles, MO, for Respondent.

THOMAS J. FRAWLEY, Special Judge.

Judith Seggelke ("Wife") appeals from a judgment dissolving her marriage to Raymond Seggelke ("Husband"). Wife claims the trial court erred in distributing the marital property and in failing to award her attorney's fees. We reverse and remand.

## I. BACKGROUND

Husband and Wife married in 1968; there is one emancipated child of the marriage. Wife filed her petition for dissolution of marriage on July 12, 2006. On October 19, 2006, the trial court entered a consent judgment pendente lite ("PDL"). The PDL, in relevant part, awarded Wife $750 per month in maintenance, retroactive to August 1, 2006, to be paid from the marital funds in her possession. The PDL also stated that Wife's request for attorney's fees would be determined in the dissolution proceeding.

The dissolution trial was spread over two days in April and October, 2008.[1] By the trial's conclusion, the parties had sold the marital residence and the marital farm and farm equipment. All sale proceeds were divided equally between the parties.

At the time of trial, Husband earned approximately $90,000 per year at his job

---

1. Trial courts are encouraged to hear cases on consecutive days and to confine attorneys to the time the attorneys indicate is necessary for trial. The six month gap between hearing dates may have contributed to the errors discussed herein.

with Boeing. Wife, then age sixty, was unemployed and requested $750 per month in maintenance until she became eligible for Social Security retirement benefits at age sixty-six. Wife further requested a disproportionate share of the marital property due to Husband's misconduct, which included several affairs during the marriage.

The trial court entered its judgment of dissolution of marriage on November 12, 2008. The court awarded each party his or her half of the proceeds from sale of the marital home, marital farm and farm equipment as separate property. The court denied Wife's request for maintenance but ordered Husband to reimburse her for half the maintenance payments made during the pendency of the dissolution proceeding from Wife's share of the proceeds from sale of the marital residence, which the trial court determined to be $6,000.

With respect to Husband's conduct, the trial court did not believe it warranted a disproportionate division of the marital property. The trial court's initial judgment awarded Wife approximately 51%, and Husband approximately 49%, of the marital property valued by the parties. Both parties filed after-trial motions and alleged numerous errors in the division of the marital property. The trial court entered an amended judgment that resulted in Wife receiving approximately 49% of the marital property valued by the parties. Wife filed a second after-trial motion, which was denied by operation of law. Wife appeals.

## II. DISCUSSION

■ We affirm the provisions of a dissolution decree unless there is no substantial evidence to support them, they are against the weight of the evidence, or the trial court incorrectly declared or applied the law. *Woodard v. Woodard,* 201 S.W.3d 557, 560–61 (Mo.App. E.D.2006), and *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We note that the attorneys involved in the trial of this case are not the attorneys involved in the appeal. We further note that many key exhibits which would have been helpful to our understanding of the case were not provided in the record on appeal.

In her first point on appeal, Wife alleges trial court error with respect to distribution of the marital property in that the trial court failed to (1) adjust its division of the marital property after amending its initial judgment to eliminate the award to Wife of the non-existent GMAC 401(k) account; (2) enter judgment in accord with Husband's request that Wife receive one-half of his Boeing pension; (3) award Husband's stock and stock options received through his employment with APC to either party; and (4) take into account Husband's admitted marital misconduct. We agree not only that the division of marital property must be revisited in light of the court's error in "double counting" the GMAC 401(k) account but also that the value of Husband's pension, Wife's pension, and Seggelke and Pujji, Inc., LLC, must be determined and considered in the division of the marital property. Therefore, we reverse the trial court's judgment and remand for further proceedings.

When dividing marital property, the trial court must consider the factors set out in section 452.330[2] and then divide the property in such proportions as it deems just. *Workman v. Workman,* 293 S.W.3d 89, 96 (Mo.App. E.D.2009). Per section 452.330.1, the trial court must consider the following relevant factors:

**2.** Unless otherwise noted, all statutory citations are to RSMo 2000.

■ The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; (2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker; (3) The value of the nonmarital property set apart to each spouse; (4) The conduct of the parties during the marriage ...

■ "However, the trial court may attach the amount of weight to each of these it deems appropriate, and these factors are not exclusive." *Skaggs v. Skaggs*, 301 S.W.3d 72, 76 (Mo.App. S.D.2009) (quoting *Shepard v. Shepard*, 47 S.W.3d 412, 417 (Mo.App. S.D.2001)). Thus, the trial court is vested with great flexibility in dividing the marital property. *Id.*

■ Wife first alleges that the trial court erred when it failed to readjust the distribution of the marital property after it removed the non-existent GMAC 401(k) account from Wife's share of the marital property. We agree.

The trial court's initial judgment included in Wife's share of the marital property a GMAC Fidelity Investments 401(k) account valued at $34,176.00. Wife filed a "Motion to Clarify and or Correct Judgment or in the Alternative Motion for a New Trial" which alleged that the trial court erred when it awarded her the GMAC 401(k) account because she had previously "rolled over" the account into the Allianz Alterity IRA (# DA313211), an asset also awarded to Wife.

In its amended judgment, the trial court admitted it erred in awarding Wife the now "rolled over" 401(k) account and removed it from Wife's share of the marital property. However, the trial court did not amend its judgment to adjust "the distribution of property to match what it had found to be equitable when it thought Wife was receiving approximately $35,000 more than she did."

The trial court is not required to divide marital property equally, *Russum v. Russum*, 214 S.W.3d 376, 384 (Mo.App. W.D. 2007); rather, the distribution need only be fair and take into account the factors listed in section 452.330.1. *Adair v. Adair*, 124 S.W.3d 34, 39 (Mo.App. W.D.2004). The trial court found its initial division, which awarded Wife just over 51% of the marital property valued by the parties, to be fair; therefore, a reduction of over $34,000, which resulted in Wife receiving less than 49% of the marital property valued by the parties, due solely to the trial court's own error requires reconsideration of the division of the marital property.

■ Wife also asserts trial court error in its failure to award to her half of Husband's vested pension at Boeing because Husband asked the court during the trial to award Wife half of his pension and all of her own pension. "[O]ral agreements as to property division are binding when entered into in open court by parties represented by counsel and the agreement is 'spread upon the record.'" *Morse v. Morse*, 80 S.W.3d 898, 904 (Mo.App. W.D. 2002) (citing *Carter v. Carter*, 869 S.W.2d 822, 829 (Mo.App. W.D.1994)). Herein, as in *Morse*, the record reveals that the parties did not enter into a written agreement or binding stipulation concerning the division of Husband's pension; rather, Husband merely testified that he agreed to Wife receiving half of his pension at Boeing and all of her own pension at GMAC.

Neither party provided the court with the value of various items of marital property. The dissolution judgment lists several items with a value of "?"; *e.g.*, Husband's pension, Wife's pension, and

Seggelke & Pujji, Inc., LLC. We sympathize with the dilemma facing the trial court, which was charged with effecting a fair division of the marital property, when the parties, who had an equal burden to present evidence of the value of the marital property, *Nelson v. Nelson*, 195 S.W.3d 502, 507 (Mo.App. W.D.2006), failed to present that evidence.

Though not required to assign a specific value to each marital asset absent a properly filed request for findings pursuant to Rule 73.01, the record before the trial court must contain evidence from which the value of the marital property set aside to each spouse can be determined. *Waldon v. Waldon*, 114 S.W.3d 428, 431 (Mo. App. E.D.2003), and *Wright v. Wright*, 1 S.W.3d 52, 57 (Mo.App. W.D.1999). Therefore, the trial court is directed to hold a hearing to determine the value of each party's pension [3] and Seggelke & Pujji, Inc., LLC,[4] and thereafter effect an equitable division of the marital property following the guidelines of Section 452.330. See *Hoecker v. Hoecker*, 188 S.W.3d 497, 502–503 (Mo.App. W.D.2006).

Wife next asks this Court to name an owner of Husband's APC stock and APC stock options.[5] The record reveals, however, that the trial court awarded the APC stock to Husband.

Husband testified that in 2007 he participated in a stock purchase plan with his employer's parent company which allowed him to buy up to two and a half percent of his salary in stock. The options terminated in 2007, and Husband testified that the stock was transferred to a Fidelity Investments account in his name. The trial court awarded that account to Husband.

■ Wife also asserts that Husband's misconduct during the marriage and dissolution proceeding justifies a disproportionate division of the marital property. At trial, Husband admitted to an ongoing, two-year affair that began before Wife filed her petition for dissolution, as well as three other affairs during the marriage. Wife claims that, in addition to the extramarital affairs, Husband committed misconduct by dissipating and concealing marital assets. Husband testified to taking his current mistress on a fishing trip to Florida, buying her flowers, paying her utilities and satellite TV for a few months, and paying her 2007 property taxes. Further, Wife asserts that Husband did not take proper care of certain farm implements and allowed them to become damaged and worthless.

■ Marital misconduct is only one factor for the court to consider in dividing marital property. *Martinez v. Martinez*, 136 S.W.3d 886, 890 (Mo.App.W.D.2004); section 452.330.1(4). Even if the court believes the evidence of misconduct, it can still divide the property in equal fashion. *Martinez*, 136 S.W.3d at 890.

■ Furthermore, misconduct by one spouse cannot be used to punish that

---

**3.** The value of a party's pension may not be required if each party is awarded one-half of the marital share of the monthly benefit received, or to be received, by the other party under his or her pension. See *Redlinger v. Redlinger*, 111 S.W.3d 413 (Mo.App. E.D. 2003), and *Muenz v. Muenz*, 99 S.W.3d 4 (Mo.App. E.D.2002).

**4.** We are unclear from Husband's testimony whether the airplane, which Husband sold at

a significant loss after he was served with Wife's dissolution petition, was an asset of Seggelke & Pujji, Inc., LLC, and, if so, whether there exists a capital loss in the name of Seggelke & Pujji, Inc., LLC.

**5.** As with his Boeing pension, Husband asked the court during trial to award Wife half the account holding the APC stock.

spouse by awarding a disproportionate share of the marital property to the other spouse. *Wansing v. Wansing*, 277 S.W.3d 760, 768 (Mo.App. S.D.2009). Rather, the rationale for considering the misconduct of one spouse in the division of marital property is that, "if one spouse is compelled to contribute more to the partnership endeavor due to the other's misconduct, he or she is entitled to have the errant spouse's misconduct taken into consideration ... in dividing marital property." *Id.* at 768–69 (quoting *In re Marriage of Ballay*, 924 S.W.2d 572, 578 (Mo.App. S.D.1996)). Not all marital misconduct, however, requires a disproportionate division of marital property. *Id.* at 769. "[I]t is only when misconduct of one spouse changes the balance so that the other must assume a greater share of the partnership load that it is appropriate that such misconduct can affect the distribution of property." *Id.* (quoting *Nelson v. Nelson*, 25 S.W.3d 511, 519 (Mo.App. W.D.2000)).

Regarding the impact of Husband's misconduct on the division of marital property, the court found as follows:

> "Husband further testified he and Wife had not been intimate for the last four years and they have not conversed much in the last five years. Although Husband has spent some marital funds on his current mistress, those funds are de minimus in relation to the size of the marital estate set out above. While not condoning Husband's adulterous behavior, this Court is not persuaded Husband's marital misconduct placed such an undue burden upon the parties' marital relationship as to justify a disproportionate division of the marital estate."

We cannot say the trial court abused its considerable discretion in the weight it assigned to Husband's misconduct in dividing the marital property. This sub-point is denied.

In her second point on appeal, Wife asserts that the Allianz Alterity account (# DA914594), valued at $121,767.73, contains $9,000 she inherited from her aunt and uncle in 1997 and $55,000 she received in 2000 from a bodily injury claim which arose in 1995 when she was hit by a tractor-trailer. Wife first claims the trial court lacked authority to award this account, which is titled in the name of the "J & R Seggelke Liv. Tr., DTD 03–30–95", because the trial court did not join the Trust as a party to the litigation.

Wife is correct that the trustee, not either party individually, holds title to the Allianz Alterity account. Therefore, the trial court does not have authority to award the actual account to Wife or apportion the actual account between Husband and Wife. *Dunnagan v. Dunnagan*, 239 S.W.3d 181, 188 (Mo.App. S.D.2007). But see *Baldwin v. Baldwin*, 905 S.W.2d 521, 525 (Mo.App. E.D.1995), in which an award to husband of six investment accounts held in the name of his revocable trust was affirmed. However, the equitable interest in the trust is subject to classification and division by the trial court. See *Moore v. Moore*, 189 S.W.3d 627, 636 (Mo.App. W.D. 2006).[6]

Wife invited trial court error by requesting in her proposed division of marital property that the Allianz Alterity account be awarded to her. Moreover, neither party listed the "J & R Seggelke Liv. Tru., DTD 3/30/95", on his or her statement of

---

**6.** The trial court may disregard the trust form for purposes of a dissolution of marriage proceeding if the spouse who is the settlor is also a trustee and has commingled his or her personal finances with those of the trust. See *Wisdom v. Wisdom*, # 70930, ftnt. 3 (W.D. 2010), which involved the failure of the trial court to join husband's corporation as a party to the dissolution of marriage proceeding.

property. Wife's statement of property identifies only two trusts—one in the name of Wife, and one in the name of Husband, both created on 3/30/95. Husband's statement of property does not mention any trusts.

Wife also claims the trial court should have awarded her the Allianz Alterity account because it consists of her separate property. Wife initially deposited the inherited funds and bodily injury settlement into an account in joint names at Edward Jones and later transferred the funds into an investment account, also in joint names, at First Financial Planners. Additionally, the statements in the record for the Allianz Alterity account reveal that both Wife and Husband are the trustees of the "J & R Seggelke Liv. Tr., DTD 3/30/95."

Wife is correct that property acquired after marriage by gift, bequest, devise, or descent is not marital property under section 452.330.2(1). While her personal injury settlement could qualify as separate property if the payments compensated for separate, non-marital losses, *Blydenburg–Dixon v. Dixon*, 277 S.W.3d 815, 820 (Mo. App. W.D.2009), Wife presented no evidence of the breakdown of the settlement. Regardless, when separate property is placed in joint names, as Wife did here when she deposited the inherited funds and settlement proceeds in the accounts in joint names at Edward Jones and First Financial Planners and, in connection with the parties' estate plan, put the Allianz Alterity account in the name of a trust of which both she and Husband were trustees, a presumption is created that the property becomes marital, and clear and convincing evidence is required to show that a gift was not intended. *Winter v. Winter*, 167 S.W.3d 239, 244 (Mo.App. S.D. 2005). Wife did not overcome this presumption.

Non marital property does not become marital property solely because it has become commingled with marital property. Section 452.330.4. Wife not only testified that the funds in the account with First Financial Planners were commingled but also did not present clear and convincing evidence that an identifiable portion of the funds in the account[7] can be traced to the funds inherited by her in 1997 or received in 2000 in settlement of her bodily injury claim. *Meier v. Meier*, 306 S.W.3d 692, 702 (Mo.App. E.D.2010). Because the inherited funds and bodily injury settlement were placed in accounts in joint names, both Wife and Husband are the trustees of the "J & R Seggelke Liv. Tr., DTD 3/30/95," and the funds in the Allianz Alterity account are inextricably commingled, the trial court did not err in finding that the Allianz Alterity account (# DA 914594) is marital property in its entirety.

The record contains a statement for an account with Edward Jones which is titled "U/A Dtd 3/30/95 Judith A. Seggelke Liv. Trust" and has a value of $40,000. This account was set aside to Wife as her separate property, and the judgment indicates it contained inherited funds. The judgment makes no mention of a trust in Husband's name, and no value was assigned to such a trust. On remand, the trial court shall receive evidence concerning the existence and value of any trust in Husband's name.[8]

In her third point, Wife argues the trial court erred in failing to revalue

---

7. Dividends and interest earned on separate property during marriage are marital. See *Coleberd v. Coleberd*, 933 S.W.2d 863, 868 (Mo.App. S.D.1996).

8. Assets in a trust of which one spouse is the sole trustee can be marital property. See *Selby v. Selby*, 149 S.W.3d 472, 487–88 (Mo. App. W.D.2004).

the capital loss carryover awarded to her. Wife testified at trial that the remaining capital loss carryover was $22,000, and in its initial judgment, the trial court awarded Wife the capital loss carryover at her value. Wife claimed in her second post-trial motion that her estimation was incorrect and that, at the time of trial, the capital loss carryover had a value of only $9,222; however, the trial court did not amend that portion of its judgment.[9]

Wife expended ample resources in investigating and presenting her case to the trial court, which awarded the capital loss carryover to Wife at her value. Having complied with Wife's request, the trial court did not abuse its discretion when it failed to adjust the award to reflect Wife's new valuation. However, tax consequences, if established with particularity, are a factor a trial court should consider when dividing marital property. *Alongi v. Alongi*, 72 S.W.3d 592, 597 (Mo.App. W.D. 2002), and *Baldwin v. Baldwin*, 905 S.W.2d 521, 524 (Mo.App. E.D.1995). Therefore, the trial court may wish to consider Wife's evidence of the actual value of the capital loss carryover at the hearing on remand to determine the value of Husband's pension, Wife's pension, Seggelke and Pujji, Inc., LLC, and any other items for which no evidence of value was presented at trial.[10]

In her fourth point on appeal, Wife argues the trial court erred in classifying the proceeds from the sale of the marital home and the marital farm and farm equipment as separate property. We agree.

The parties sold the marital home in November, 2007 and split the proceeds equally. Husband deposited his share of the sale proceeds, approximately $94,000, at Midwest Bank. During the pendency of the dissolution of proceeding, Wife invaded her share of the sale proceeds to pay from March through October, 2008 the PDL maintenance award and a portion of her attorney fees. By the second day of trial, Wife had expended $31,260.00 from her share of the sale proceeds.

Between the first and second day of trial, the parties sold the marital farm in Osage, Missouri, along with the farm equipment, and split the proceeds equally. Husband deposited his share of the proceeds from sale of the farm, approximately $90,000, in a Section 1031 exchange account, and his share of the proceeds from sale of the farm equipment, approximately $18,700, at Midwest Bank. Wife deposited her share of the proceeds from sale of the farm and farm equipment in a separate certificate at U.S. Bank.

The funds received from sale of the residence, the farm, and the farm equipment, all of which were marital assets, do not become non-marital because of an agreed upon division during the pendency of the dissolution proceeding. *Preston v. Preston*, 189 S.W.3d 685, 688 (Mo.App. W.D. 2006). Notwithstanding each party's receipt of one-half of the proceeds from sale of the marital home and the marital farm and farm equipment, all sale proceeds must be classified as marital property.

---

**9.** We cannot determine with certainty from Wife's post-trial motion or her brief whether Wife's alleged over-estimation is merely a mathematical error or the product of a post-trial expert opinion of the value of the capital loss carryover to Wife.

**10.** Wife's brief identifies in the Statement of Facts numerous marital assets not disclosed by Husband prior to the evidentiary hearing, one or more of which the trial court may conclude, in examining on remand the division of the marital property, were not awarded to either party in the initial and amended dissolution judgment.

*Jezewak v. Jezewak,* 3 S.W.3d 860, 864 (Mo.App. E.D.1999).

Wife also argues that the trial court failed to recognize in its division of marital property that she expended the marital funds in her possession when the dissolution proceeding commenced to pay the PDL maintenance award through February, 2008 and a portion of her attorney's fees.[11]

Marital property is valued as of the date of trial. *Elrod v. Elrod,* 144 S.W.3d 373, 379 (Mo.App. S.D.2004), and *Morse v. Morse,* 80 S.W.3d 898, 905 (Mo. App. W.D.2002). Moreover, funds used for reasonable living expenses are not to be included in the division of the marital property. *Elrod,* 144 S.W.3d at 379, and *Petties v. Petties,* 129 S.W.3d 901, 906(Mo.App.2004). On remand, the trial court is directed to classify as marital property the proceeds from sale of the marital home and marital farm and farm equipment and, in determining an equitable division of the marital property, even though Husband may not have expended any of his portion of the sale proceeds, take into account the marital funds expended by Wife to satisfy the PDL maintenance award and for her reasonable living expenses, including attorney's fees. See *Kolar v. Kolar,* 114 S.W.3d 440, 443 (Mo. App. W.D.2003).

In her fifth point on appeal, Wife argues that the trial court erred in denying her request for attorney's fees. Generally, the parties to a dissolution are responsible for their own attorney's fees. *Silcox v. Silcox,* 6 S.W.3d 899, 905 (Mo. banc 1999). In determining whether to award attorney's fees, the trial court must consider all relevant factors, including the parties' financial resources, the merits of the case, and the actions of the parties during the course of the litigation. *Adair v. Adair,* 124 S.W.3d 34, 40 (Mo.App. W.D. 2004). The trial court has great discretion in this area, and its judgment will not be overturned absent an abuse of discretion. *Silcox,* 6 S.W.3d at 905. "The party challenging the award has the burden to prove an abuse of discretion, which will be found only where the decision is so arbitrary as to shock one's sense of justice." *Id.*

Wife asserts that she is entitled to attorney's fees because Husband was non-compliant during discovery, and his behavior necessitated multiple orders to compel. Wife also claims that Husband has a greater ability to pay her attorney's fees because she is unemployed and Husband earns $90,000 per year.

There is evidence in the record to support Wife's contention that Husband acted uncooperatively during certain periods of the litigation. Such evidence, however, is not so overwhelming that we may conclude that the trial court abused its considerable discretion in denying Wife's request for attorney's fees. Furthermore, while Wife had amassed approximately $30,000 in attorney's fees as of the second day of trial, she paid $29,000 toward those fees with marital funds, all which may on remand be considered a reasonable living expense. See *Kolar v. Kolar,* supra. Finally, with respect to the disparity in the parties' incomes, the trial court found that Wife voluntarily terminated her employment with GMAC and "clearly has the ability to support herself through appropriate employment". Therefore, the trial court did not abuse its considerable discretion in

11. On the second day of trial, less than $200 remained from the $30,000 withdrawn at sep-aration by Wife from U.S. Bank.

denying Wife's request for attorney's fees. Point five is denied.

### III. CONCLUSION

The cause is reversed and remanded. The trial court shall hold an evidentiary hearing to determine (a) the value of Husband's pension, Wife's pension, Seggelke and Pujji, Inc, LLC, and any other item of property for which a value was not provided at trial, and (b) the amount expended by Wife from marital funds, including the proceeds from sale of the marital home and marital farm and farm equipment, to satisfy the maintenance obligation under the PDL judgment and for Wife's reasonable living expenses. Thereafter, the trial court shall make the adjustments to the division of marital property necessitated by the (1) erroneous allocation of the non-existent GMAC 401(k) account to Wife; (2) designation of the proceeds from sale of the marital home and marital farm and farm equipment as separate property instead of marital property, (3) failure to value all items of marital property, especially Husband's pension, Wife's pension and Seggelke and Pujji, Inc., LLC, (4) failure to consider the assets in and, therefore, value of Husband's trust, (5) failure to credit against the marital property existing at separation the amounts expended by Wife to satisfy the maintenance obligation under the PDL judgment and pay her reasonable living expenses, and (6) failure to divide between Husband and Wife all marital assets identified in the parties' testimony and exhibits.

ROY L. RICHTER, C.J., and KENNETH M. ROMINES, J., concur.